BELTZ v KIMBERLEY

1. JUDGMENT—INTEREST—TAXABLE COSTS—COURT RULES.

Accrued interest and taxable costs are included in the definition of a judgment under the general court rules providing for offers of judgment so as to avoid forcing an offer of judgment on a plaintiff who would have been better off monetarily rejecting said offer and going to trial (GCR 1963, 519.1).

2. JUDGMENT—INTEREST—TAXABLE COSTS—FAVORABLE JUDGMENT OFFER.

Granting a defendant's motion for costs was erroneous where the defendant's offer of judgment was not more favorable than the judgment finally obtained by the plaintiffs (GCR 1963, 519.1).

3. JUDGMENT—INTEREST—TAXABLE COSTS—MEDIATION BOARD'S EVALUATION—WAYNE COUNTY COURT RULES.

A judgment entered pursuant to a Wayne County Circuit Court Rule after a mediation board has placed an evaluation on an injured party's claim, if all parties accept the evaluation, shall be entered in that amount which sum includes all fees, costs and interest; therefore, if a plaintiff does not accept an evaluation, the determination whether the verdict obtained after trial is more favorable than the judgment would have been had evaluation been accepted must be on the basis that all fees, costs and interest shall be added to the evaluation before it is compared with a judgment finally obtained, which also includes such additional items (WCCR 1970, 21.13).

Appeal from Macomb, Hunter D. Stair, J. Submitted April 15, 1975, at Detroit. (Docket No. 20728.) Decided August 27, 1975.

Complaint by Viola Beltz and Mark Beltz against Paul Kimberley and Varney Trucking, Inc., for damages resulting from an automobile

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Costs §§ 87 *et seq.*

collision. Judgment for plaintiffs after plaintiffs rejected a mediation board evaluation and an offer of judgment. Judgment less favorable than rejected offer of judgment; costs to defendants. Plaintiffs appeal. Reversed.

*Ripple & Chambers, P. C.* (by *John J. Grech),* for plaintiffs.

*Coticchio, Zotter & Sullivan, P. C.,* for defendant Varney Trucking, Inc.

Before: ALLEN, P. J., and BRONSON and N. J. KAUFMAN, JJ.

BRONSON, J. By stipulation, this dispute was initially submitted to a mediation board for evaluation pursuant to Wayne County Circuit Court Rule (WCCR) 1970, 21. The mediation board evaluated plaintiffs' claim at $5,600. Defendants accepted but plaintiffs rejected this evaluation. Defendants then made an offer of judgment, inclusive of the interest and costs, in the amount of $5,600, invoking GCR 1963, 519.1. Plaintiffs rejected this offer and proceeded to trial. A jury returned a verdict for $5,500 in plaintiffs' favor.

Defendants then moved, *inter alia,* to have costs taxed against plaintiffs, citing WCCR 1970, 21.13 and GCR 1963, 519.1, which provide, in pertinent part, as follows:

"In the event that defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a judgment or verdict more than 10% in excess of the mediation board's evaluation in order to avoid the payment of actual costs of the defendant." WCCR 1970, 21.13.

"If the judgment finally obtained by the offeree is not more favorable than the rejected offer, the offeree must

pay the taxable costs incurred after the making of the offer." GCR 1963, 519.1.

It is undisputed that the $5,500 verdict received by plaintiffs, exclusive of interest and costs, is both less than 10% more than the $5,600 mediation board evaluation and less favorable than defendants' offer of judgment. It is also undisputed that if interest and costs are added to the verdict before making the required comparison, the resulting amount is both greater than 10% more than the evaluation figure and more favorable than defendants' offer. The issue we must decide, then, is whether interest and costs are properly included in the amount recovered after trial for purposes of the comparison required by WCCR 1970, 21.13 and GCR 1963, 519.1.

In *Bertilacci v Avery,* 42 Mich App 483; 202 NW2d 331 (1972), this Court held that accrued interest and taxable costs should be included in the definition of "judgment" in GCR 1963, 519.1 so as to avoid forcing "an offer of judgment on a plaintiff who would have been better off monetarily rejecting said offer and going to trial". *Bertilacci, supra,* at 486. We perceive no reason to depart from the interpretation of GCR 1963, 519.1 advanced in *Bertilacci.* We conclude that defendants' offer of judgment was not more favorable than the "judgment finally obtained" by plaintiffs and that granting defendants' motion for costs on that basis was error.[1]

---

[1] We note that defendants' offer of judgment was in an amount equal to the mediation board evaluation figure. Such a motion was unnecessary. Careful analysis of the impact and interaction of GCR 1963, 519.1 and WCCR 1970, 21.13 will reveal that the sanction imposed under the mediation rule is more pervasive than that imposed under the offer of judgment rule. In other words, any sanction to which plaintiff would be subject if defendant opted solely for the offer of judgment strategem will be automatically assessable against plaintiff if defendant seeks mediation instead. This is due to the fact

The corresponding WCCR 1970, 21.13 has never been authoritatively construed. However, we believe a similar result must be reached regarding the inclusion of interest and costs in the "judgment or verdict" when comparing that amount with the mediation board's evaluation.

WCCR 1970, 21.13 also provides, in pertinent part:

"After the mediation board has placed an evaluation on the injured party's claim, if all parties accept the evaluation, a judgment shall be entered in *that amount which sum includes all fees, costs and interest.*" (Emphasis supplied.)

It appears the evaluations submitted by the mediation board include interest and costs. It would be unfair, as well as inaccurate, to compare a plain-

that the sanction under the mediation rule is imposed whenever the recovery after trial is less than 10% more than the evaluation figure, whereas the sanction under the offer of judgment rule is imposed only when the recovery is less favorable than the offer of judgment. Thus, when the offer of judgment and mediation evaluation are identical, the sanction available under the latter exeeds that available under the former. Accordingly, when a case is submitted to mediation, it becomes unnecessary for a defendant to seek the protection of the offer of judgment rule because he is already and more thoroughly protected under the mediation rule.

An illustration will help explain the point:

Assume a mediation evaluation of $1,000 and a subsequent offer of judgment by defendant of $1,000. Assume further that plaintiff rejects both and proceeds to trial.

If plaintiff recovers* more than $1,100 (10% more than $1,000), he will escape the sanctions under both rules.

If plaintiff recovers less than $1,000, sanctions will be imposed under both rules.

If he recovers any amount between $1,000 and $1,100, he will escape the sanction of GCR 1963, 519.1 because the recovery is "more favorable" than the offer of judgment. However, he will *not* escape the sanction of WCCR 1970, 21.16 because the recovery is less than 10% more than the evaluation figure.

*Included in the amount of recovery, for purposes of comparison, will be interest and costs as computed in accordance with this opinion and *Bertilacci v Avery,* 42 Mich App 483; 202 NW2d 331 (1972).

tiff's verdict exclusive of interest and costs with a mediation board evaluation which includes such additional items. The thing being compared is the value of the injured party's claim; to fairly and accurately make the comparison, one must include the same factors in the amounts on each side of the equation.[2]

Defendants fear that protracted litigation and unnecessary costs will be encouraged by the interpretation which we adopt. However, litigants will not be inspired to postpone judgment day in the hope of increasing the amount of interest to be added to the amount of their recovery. The interest properly chargeable must be computed as of the date the evaluation is rejected or 20 days after notification of the evaluation is received—whichever is sooner. See footnote 2, *supra;* WCCR 1970, 21.6; *cf. Bertilacci, supra.* Thus the offeree has no control over the computation of interest and accordingly will not be induced by the construction of WCCR 1970, 21.13 adopted here to engage in dilatory tactics.

Likewise, any inclination to incur unnecessary costs engendered by the prospect of increasing the recovery to at least 10% more than the evaluation figure can be offset by strict enforcement of GCR

---

[2] The formula to be used in determining the monetary worth of the "judgment or verdict" obtained after trial is as follows:

The sum of (1) the amount of the jury verdict; (2) interest at the rate pursuant to MCLA 600.6013; MSA 27A.6013 calculated from the date of the filing of the complaint until the date the mediation evaluation is rejected or 20 days after notification of the evaluation is received, whichever is sooner; and (3) costs incurred by the party accepting the evaluation figure prior to the date the evaluation is rejected or 20 days after notification of the evaluation is received, whichever is sooner.

This formula is analogous to that adopted in *Bertilacci v Avery,* 42 Mich App 483; 202 NW2d 331 (1972), to determine the monetary worth of the judgment obtained by a plaintiff who rejects a defendant's offer of judgment for purposes of making the comparison required by GCR 1963, 519.1. *See Bertilacci, supra,* at 486.

1963, 526.10. That rule requires the taxing officer to "strike out all charges for services which in his judgment were not necessary to be performed". An aggrieved litigant can request this protection by appropriate motion.

Because the mediation board's evaluation included interest and costs,[3] it was error to refuse to increase plaintiffs' verdict in similar fashion before determining whether WCCR 1970, 21.13 required plaintiffs to pay defendants' costs.[4]

The interpretation of GCR 1963, 519.1 and WCCR 1970, 21.13 we adopt here, combined with the undisputed mathematics involved, make it clear that plaintiffs, not defendants, are entitled to costs in circuit court. Upon remand the circuit judge shall enter an order taxing costs[5] in plaintiffs' favor.

Reversed. Costs of this appeal to plaintiffs-appellants.

[3] Defendants' unsupported assertions to the contrary will not suffice to convince us that the mediation board failed to follow the clear mandate of WCCR 1970, 21.13.

[4] The sanction of paying costs under WCCR 1970, 21.13 is different than the sanction of paying costs under GCR 1963, 519.1. The latter requires the payment of "taxable costs". *See* GCR 1963, 526; MCLA 600.2405; MSA 27A.2405. The former requires the payment of "actual costs", defined in WCCR 1970, 21.14 to include attorneys' fees (according to the State Bar minimum fee schedule) in addition to taxable costs.

The method for computing the amount of the sanction also appears to differ. Under GCR 1963, 519.1 the amount of the sanction is computed by determining the "taxable costs" incurred "after the making of the offer". Under WCCR 1970, 21.13, the sanctioned party must pay all of the other party's actual costs, not merely those incurred after the case is submitted to mediation.

[5] These costs will of course be determined in accordance with GCR 1963, 526 and appropriate statutory and case law relating to payment of taxable costs in civil actions generally. Since plaintiff has avoided the sanctions imposed under GCR 1963, 519.1 and WCCR 1970, 21.13 and since defendant was never subject to the sanctions of the two rules, neither has any further role to play in this case.