NELSON v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 64236. Submitted June 14, 1983, at Lansing.—Decided
April 3, 1984.

Constance Nelson was injured in an automobile accident. For
more than a year thereafter she was treated by an orthopedic
specialist and at one point underwent surgery for the removal
of a ruptured disc. She continued to complain of dizziness and
pain in her neck, back, legs, knees and fingers. The doctor
informed her that he could do nothing more to help her. She
then began seeing another orthopedic surgeon, who diagnosed
her condition as postoperative cervical fusion with residual
muscle pain related to the automobile accident. Nelson under-
went treatment by the second doctor. Detroit Automobile Inter-
Insurance Exchange, Nelson's no-fault insurer, paid all of the
expenses incurred by Nelson while she was being treated by
the first doctor but refused to pay any of the expenses incurred
in connection with Nelson's treatment by the second doctor.
Nelson filed suit against DAIIE in Ingham Circuit Court alleg-
ing breach of contract, intentional infliction of emotional dis-
tress, and breach of a fiduciary duty. Plaintiff moved for a
directed verdict on her claim for medical expenses. The trial
court, James R. Giddings, J., granted the motion, awarding
medical expenses of $381, denied defendant's motion for sum-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 849.
[2] 7 Am Jur 2d, Automobile Insurance § 345.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[3, 4] 7 Am Jur 2d, Automobile Insurance § 344.
What constitutes bad faith on part of insurer rendering it liable for
statutory penalty imposed for bad faith in failure to pay, or delay
in paying, insured's claim. 33 ALR4th 579.
[4] 4 Am Jur 2d, Appeal and Error § 493.
[5] 47 Am Jur 2d, Judgments § 1053.
[6, 7] 7 Am Jur 2d, Attorneys at Law §§ 277, 280, 282-284.
[8] 5 Am Jur 2d, Appeal and Error § 768.
[9] 20 Am Jur 2d, Costs §§ 72, 79.

mary judgment on the tort claims, and allowed the tort claims to go to the jury, which returned a verdict of no cause of action. Plaintiff's attorney subsequently filed a motion for attorney fees under the no-fault act. The court awarded plaintiff attorney fees in the amount of $9,750. Defendant moved for attorney fees on the tort claims, but the trial court denied its motion. Defendant appeals from the directed verdict for medical expenses, the award of attorney fees for plaintiff, and the denial of attorney fees for defendant. *Held:*

1. The trial court's directed verdict in favor of plaintiff on her claim for medical expenses is affirmed. Plaintiff sustained her burden of proving the reasonable necessity of her treatment with the second doctor, and defendant failed to produce any competent evidence to the contrary.

2. The trial court's finding that DAIIE acted unreasonably in refusing to pay plaintiff's expenses incurred by being treated by the second doctor is not clearly erroneous. Therefore the award of attorney fees to plaintiff based upon the finding of unreasonable failure to pay is affirmed.

3. Plaintiff's refusal of an offer of judgment for an amount greater than the final judgment does not bar an award of attorney fees. The offer of judgment did not include a provision for attorney fees. Taken together, the judgment amount and the award of attorney fees was for a significantly greater amount than defendant's offer of judgment.

4. The trial court's finding that $75 per hour was a reasonable attorney fee for pretrial time is affirmed. However, the trial court erred in finding that $150 per hour for trial time was reasonable. The amount of attorney fees awarded to plaintiff is reduced to $75 per hour for all time spent on plaintiff's behalf.

5. The Court of Appeals refused to consider whether or not the trial court erred in denying defendant's motion for summary judgment on plaintiff's tort claims, holding that the issue was rendered moot by the jury's verdict of no cause of action and was of no particular public significance.

6. Defendant's claim that the trial court erred in refusing to award defendant attorney fees is rejected.

Affirmed in part and reversed in part.

SHEPHERD, J., concurred with the majority's opinion with the exception that he does not believe the trial court abused its discretion in awarding attorney fees of $150 per hour for time spent in trial. He would affirm the award of $150 per hour for trial time.

1. JUDGMENTS — DIRECTED VERDICTS — APPEAL.

The Court of Appeals, when reviewing a grant or denial of a directed verdict, views the evidence presented at trial in a light most favorable to the nonmoving party and determines whether reasonable persons could differ on the conclusion reached.

2. INSURANCE — NO-FAULT INSURANCE — ATTORNEY FEES.

A court may order a no-fault insurer to pay an insured's attorney's fees incurred in pursuing a claim where the court determines that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment (MCL 500.3148[1]; MSA 24.13148[1]).

3. INSURANCE — NO-FAULT INSURANCE — REFUSAL OR DELAY IN PAYING CLAIM.

A no-fault insurer's refusal or delay in paying a claim is not unreasonable where the refusal or delay is based on a legitimate question of factual uncertainty or a legitimate question of law.

4. INSURANCE — NO-FAULT INSURANCE — FINDINGS OF FACT — REASONABLENESS — APPEAL.

A trial court's finding of unreasonable refusal or delay in paying a no-fault insurance claim will not be disturbed on appeal unless it is clearly erroneous.

5. JUDGMENTS — OFFER OF JUDGMENT — FINAL JUDGMENT — COURT RULES.

A court, in comparing a final judgment with an offer of judgment for purposes of the court rules, must consider as part of the value of the final judgment those costs which have been included in the final award (GCR 1963, 519).

6. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS.

The controlling criterion in evaluating a trial court's award of attorney fees is reasonableness and, while there is no precise formula for computing the reasonableness of attorney fees, several guidelines must be considered: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in controversy and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

7. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS —
   APPEAL.
   The Court of Appeals will uphold a trial court's finding that
   attorney fees charged were reasonable absent an abuse of
   discretion.

8. APPEAL — MOOT ISSUES — NO PUBLIC SIGNIFICANCE.
   The Court of Appeals need not consider issues rendered moot by
   the verdict at trial where the issue is of no particular public
   significance.

9. ATTORNEY AND CLIENT — ATTORNEY FEES.
   Attorney fees are recoverable only where specifically authorized
   by statute or court rule.

*Church, Wyble, Kritselis & Robinson, P.C. (by
Brian W. Bevez),* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Fores-
man, P.C. (by Frederick M. Baker, Jr.),* for defen-
dant.

Before: M. J. KELLY, P.J., and SHEPHERD and
R. I. COOPER,* JJ.

PER CURIAM. Defendant appeals as of right from
a directed verdict in favor of palintiff for medical
expenses incurred as the result of an automobile
accident. Defendant also appeals from the trial
court's grant of attorney fees for plaintiff and the
court's denial of attorney fees for defendant. We
affirm.

Plaintiff was injured on December 16, 1975,
when a car driven by her husband was struck
from behind by another vehicle. Plaintiff and her
husband were insured with defendant. Following
the accident, plaintiff was treated by Dr. Luis C.
Posada, an orthopedic specialist, until April of
1977. In 1976, plaintiff underwent an operation for
the removal of a ruptured disc. While Dr. Posada

---

* Circuit judge, sitting on the Court of Appeals by assignment.

considered the operation successful, plaintiff continued to complain of dizziness and pain in her neck, back, legs, knees, and fingers. When Dr. Posada informed plaintiff that he could do nothing more to treat her, plaintiff began being treated by another orthopedic surgeon, Dr. W. O. Badgley. Dr. Badgley diagnosed plaintiff's condition as "postoperative cervical fusion with residual muscle pain related to the automobile accident described in the history". Plaintiff was treated by Dr. Badgley until January 22, 1980.

Defendant paid all of the expenses incurred by plaintiff for being treated by Dr. Posada. Defendant refused, however, to pay any expenses incurred by plaintiff for her treatment by Dr. Badgley. Plaintiff filed this action for breach of contract, intentional infliction of emotional distress, and breach of a fiduciary duty.

Following a four-day trial, plaintiff moved for a directed verdict on the claim for medical expenses. The trial court granted the motion, awarding medical expenses of $381, and allowed the tort claims to go to the jury, which returned a verdict of no cause of action. Earlier, the trial court had denied defendant's motion for summary judgment on plaintiff's tort claims.

Plaintiff's attorney subsequently filed a motion for attorney fees under MCL 500.3148(1); MSA 24.13148(1). An evidentiary hearing was conducted at which plaintiff introduced a fee statement documenting the hours spent preparing and trying the case as well as the expert testimony of an attorney specializing in automobile negligence and no-fault litigation. The trial court awarded plaintiff attorney fees in the amount of $9,750. Defendant moved for attorney fees on the tort claims but the trial court denied its motion.

Defendant now appeals from the directed verdict for medical expenses, the award of attorney fees for plaintiff and the denial of attorney fees for defendant.

I

We first consider the trial court's directed verdict in favor of plaintiff on her claim for medical expenses.

Under the Michigan no-fault act, an insurer is liable for personal protection insurance benefits including "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation". MCL 500.3107(a); MSA 24.13107(a). In order for plaintiff in this case to sustain her burden of proving defendant's liability for medical expenses incurred with Dr. Badgley, plaintiff is required to establish that the expenses were reasonably necessary to her recovery from injuries caused by the automobile accident. We believe that this is generally a question of fact for the jury.

The trial court in this case held, however, that defendant had failed to offer opposing evidence on this issue sufficient to allow reasonable minds to differ. In reviewing the grant or denial of a directed verdict, this Court views the evidence presented at trial in a light most favorable to the nonmoving party and determines whether reasonable persons could differ on the conclusion reached. *Armstrong v LeBlanc,* 395 Mich 526, 532; 236 NW2d 419 (1975); *Perry v Hazel Park Harness Raceway,* 123 Mich App 542, 549; 332 NW2d 601 (1983).

At trial in this case, plaintiff presented the deposition testimony of Drs. Posada and Badgley.

Dr. Posada testified that he terminated plaintiff's treatment because he determined that he was unable to help her further, although, at the time plaintiff was discharged, she was complaining of dizziness and pain for which Dr. Posada had written a prescription for pain medication. Dr. Badgley testified that he believed further treatment of plaintiff was reasonably necessary and prescribed medication and advised plaintiff on vocational rehabilitation.

In opposition, defendant produced the testimony of its claims adjuster, Thomas F. Chartier, who explained that he denied plaintiff's claim for two reasons: (1) the accident had occurred two years earlier and (2) Dr. Posada was a "very well qualified physician" who had terminated treatment. Defendant presented no evidence from Dr. Posada or from any other medical expert witness to establish that Dr. Badgley's fairly minimal treatment was not reasonably necessary.

We believe that plaintiff sustained her burden of proving the reasonable necessity of her treatment with Dr. Badgley and that defendant simply failed to produce any competent evidence to the contrary. The trial court's directed verdict is affirmed.

II

Defendant also challenges the trial court's award of attorney fees to plaintiff. MCL 500.3148(1); MSA 24.13148(1) authorizes an award of attorney fees under the no-fault act where the trial court determines that "the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment". See also *Wood v DAIIE,* 413 Mich 573, 587; 321 NW2d 653 (1982). This Court has held that refusal or delay in

making payment is not unreasonable where there is a legitimate question of factual uncertainty or a legitimate question of law. *Aetna Casualty & Surety Co v Starkey,* 116 Mich App 640, 647; 323 NW2d 325 (1982), *lv den* 417 Mich 929 (1983); *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981), *lv den* 411 Mich 1079 (1981). A trial court's finding of unreasonable refusal or delay will not be disturbed unless clearly erroneous. *Butler v DAIIE,* 121 Mich App 727, 742; 329 NW2d 781 (1982); *Liddell, supra.*

We cannot say that the trial court clearly erred in awarding plaintiff attorney fees in the instant case. In fact, several factors persuade us that the award is justifiable. When defendant learned that plaintiff was to begin treatment with a second doctor, defendant recommended that plaintiff make an appointment with Dr. Posada for a final diagnosis. Pursuant to the recommendation, plaintiff visited Dr. Posada on April 28, 1978. Dr. Posada's final report, however, merely summarizes plaintiff's condition on that date and makes no reference to the reasonableness or unreasonableness of further treatment. Defendant made no further inquiries of Dr. Posada in this regard, despite the obvious purpose for the final visit. Moreover, it is apparent that when plaintiff stopped being treated by Dr. Posada, she was still experiencing some pain as evidenced by Dr. Posada's prescription for the medication for pain. The fact that two years had elapsed since the accident, two years during which plaintiff received ongoing treatment for her injuries, and the fact that Dr. Posada terminated plaintiff's treatment do not together create sufficient factual uncertainty to justify defendant's refusal to pay plaintiff's medical expenses.

## III

Defendant alternatively argues that if attorney fees are authorized, the amount of fees awarded in this case is excessive and should be modified. Defendant presents two grounds in support of its position.

On November 13, 1980, defendant made an offer of judgment for medical expenses, plus interest. Defendant argues that this offer of judgment was for an amount greater than the final judgment and should thus bar an award of attorney fees. We reject defendant's argument without even considering whether refusal of an offer of judgment precludes an award of attorney fees.

Defendant's offer of judgment did not include a provision for attorney fees. By November of 1980, plaintiff had incurred the expense of approximately 38 attorney hours for work on her $381 claim. Inasmuch as attorney fees were awarded as part of the final judgment, we find that the judgment was for an amount significantly greater than the offer and was thus more favorable to plaintiff.

We find support for our holding in case law construing GCR 1963, 519.1, which, though not applicable to this case, governs an analogous situation. Rule 519 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the rejected offer, the offeree must pay the taxable costs incurred after the making of the offer". This Court has held that in comparing a final judgment with an offer of judgment for purposes of Rule 519 the trial court must consider as part of the value of the final judgment those costs which have been included in the final award. *Beltz v Kimberley,* 63 Mich App 700, 702; 235 NW2d 25 (1975); *Bertilacci v Avery,* 42 Mich App 483, 485-

486; 202 NW2d 331 (1972), *lv den* 388 Mich 801 (1972). Under MCL 600.2405; MSA 27A.2405, costs include attorney fees where authorized by statute or court rule.

Defendant next argues that the hourly rate charged by plaintiff's attorney is excessive. The trial court awarded plaintiff $75 per hour for 61 pretrial hours and $150 for 34.5 trial hours.

The controlling criterion in evaluating a trial court's award of attorney fees is reasonableness. While there is no precise formula for computing the reasonableness of attorney fees, several guidelines must be considered: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in controversy and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Wood v DAIIE, supra,* p 588; *Liddell v DAIIE, supra,* p 652; *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973). This Court will uphold the trial court's finding of reasonableness absent an abuse of discretion. *Wood v DAIIE, id.*

The trial court in this case found that $75 was a reasonable fee for an attorney of 20 years' trial experience. The court further reviewed each of the fee entries on the statement and determined whether the amount of time spent on a particular task was reasonable. The trial court excluded from the award all hours spent in pursuing plaintiff's claim for medical expenses incurred with Dr. Posada and excluded all hours spent pursuing plaintiff's tort claims. Finally, the court found it reasonable to generally charge a higher hourly rate for trial time on the ground that trials involve special problems. While we approve the trial court's find-

ing that $75 per hour is reasonable,[1] we have a definite and firm conviction that the trial court erred in doubling that rate simply because some of the time on the case involved trial work. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976); *Precopio v City of Detroit,* 415 Mich 457, 462; 330 NW2d 802 (1982). We therefore reduce the amount of fees awarded to $75 per hour for all hours.

IV

Defendant finally contends that the trial court erred in refusing to award defendant attorney fees for time spent defending against plaintiff's tort claims. This argument tracks defendant's argument that the trial court erred in denying defendant's motion for summary judgment on plaintiff's tort claims for the reason that the claims were frivolous and manufactured in an attempt to turn a small no-fault claim into a "big money tort claim".

We will not consider whether the trial court erred in refusing to grant defendant's motion for summary judgment on the tort claims as this issue was rendered moot with the return of a verdict of no cause of action and the issue is of no particular public significance. *Colombini v Dep't of Social Services,* 93 Mich App 157, 161; 286 NW2d 77 (1979).

We further reject defendant's claim that the trial court erred in refusing to award defendant attorney fees. Attorney fees are recoverable only

[1] The practicing attorney who testified as an expert on the fee question, Mr. George T. Sinas, also testified in the case of *Thomson v DAIIE,* 133 Mich App 375; 350 NW2d 261 (1984), and gave similar testimony that $75 per hour was a reasonable attorney fee for services in handling a no-fault claim.

where specifically authorized by statute or court rule. *Warren v McLouth Steel Corp,* 111 Mich App 496, 507; 314 NW2d 666 (1981), *lv den* 417 Mich 941 (1982). Defendant cites no statute or court rule authorizing an award of attorney fees for defending against a tort claim and we find none. MCL 500.3148(2); MSA 24.13148(2) is not applicable to this case since we read that provision to authorize attorney fees only where a claim for personal or property protection insurance benefits is fraudulent, excessive, or unreasonable. In any event, we find no evidence in the record to support defendant's claim that plaintiff's tort claims were fraudulent or manufactured.

Affirmed in part and reversed in part.

SHEPHERD, J., concurs with the Court's opinion with the exception of the determination that the trial court erred in awarding $150 per hour for trial time. While he is in no position to say that he would have granted such an amount, he does not believe that the trial judge abused his discretion in doing so and he would therefore affirm the award of $150 per hour for trial time.