*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PRISM LAB LLC,

        Plaintiff,

and

FLINT REGION ASC LLC,

        Intervening Plaintiff-Appellant,

and

MICHIGAN CLINIC NEUROSURGERY PLLC,

        Intervening Plaintiff,

v

ALLSTATE INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2025
3:17 PM

No. 369636
Wayne Circuit Court
LC No. 21-014505-NF

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

In this action to recover personal protection insurance ("PIP") benefits under the no-fault act, MCL 500.3101 *et seq.*, intervening plaintiff, Flint Region ASC LLC ("Flint Region"), appeals by right from the stipulated dismissal order as to intervening plaintiff, Michigan Clinic Neurosurgery PLLC ("MCN"), to challenge an earlier order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendant, Allstate Insurance Company ("Allstate"), dismissing Flint Region's claims to recover no-fault benefits for medical services provided to Allstate's insured, Tauneesah Polk. We reverse and remand for further proceedings.

## I. BACKGROUND

This case arises from a motor vehicle accident involving Polk on April 16, 2020. When Polk was riding a bicycle, a city of Detroit bus collided with Polk's left shoulder. Polk fell to the ground and sustained injuries. Polk was insured under a no-fault insurance policy with Allstate. Polk received treatment from Henry Ford Health System, as well as C-Spine Orthopedics, beginning in April 2020. Polk received medical treatment from plaintiff, Prism Lab LLC ("Prism"), from about October 15, 2020, until April 15, 2021.[1] On March 24, 2021, Polk underwent a 360 Lumbar Fusion L5-S1 (hereinafter, "lumbar spinal fusion" or "surgery"), performed by a neurologic surgeon at MCN. The surgery was performed at Flint Region's ambulatory surgical center. The surgeon was a consultant for C-Spine Orthopedics. Allstate refused to pay for the surgery.

As to the expenses, Flint Region posited the incurred medical expenses totaled $473,899.76. Adding the total amount of alleged interest, $56,867.97, as well as alleged attorney's fees, $176,922.58, Flint Region sought $707,690.31 from Allstate. A health insurance claim form dated April 1, 2021, listed the "total charges" as $788,620. An invoice dated February 2, 2022, from Flint Region showed the total balance for the surgery was $464,011.01. According to an audited bill review by Tami Rockholt, RN, BSN, a nurse consultant for Allstate, Flint Region billed $624,529.64 for the surgery. According to a review of Flint Region's billing by Rockholt, there were "numerous charges dated [March 24, 2021] from Flint Region ASC for various components of a surgical procedure," but "no records . . . available for review."

By way of background, Polk filed suit against Allstate seeking no-fault benefits. The matter was assigned Case Number 20-014951-NI and assigned to a judge ("the underlying action"). Polk's complaint included claims against the city of Detroit and city bus driver, Vernon Turner.[2] Prism, an assignee of Polk, also filed suit against Allstate to recover no-fault benefits for medical services. This matter was assigned Case Number 21-014505-NF and assigned to the same judge ("the instant action").[3] Flint Region and MCN moved to intervene in the instant action, contending they were owed payment by Allstate for medical services provided to Polk. The trial court granted the motion and ordered that the filing of an intervening complaint include "all pertinent records, bills, and their Initial Disclosures." Flint Region and MCN[4] filed their complaint against Allstate, alleging breach of contract and seeking declaratory relief for payment of no-fault benefits totaling $475,000 plus interest. Allstate answered and filed affirmative defenses.

---

[1] Polk assigned her right to payment of these services to Prism. Allstate did not pay for the services.

[2] Polk's claims as to the city of Detroit and Turner were dismissed without prejudice by stipulation.

[3] Prism's claims against Allstate were dismissed without prejudice.

[4] MCN's claims against Allstate were dismissed with prejudice.

Allstate moved to consolidate the underlying action and the instant action. The trial court initially made the underlying action the controlling case and dismissed the instant action. However, the trial court later reinstated the instant action, consolidated it with the underlying action, dismissed the underlying action without prejudice, and named the instant action the controlling case. On February 28, 2022, Flint Region and MCN completed initial disclosures.[5] On September 15, 2022, Flint Region and MCN completed supplementary initial disclosures.[6] On September 16, 2022, Allstate filed five motions for summary disposition, two of which are relevant to this appeal. Allstate moved for partial summary disposition under MCR 2.116(C)(10) as to Polk's claims for expenses for her lumbar spinal fusion performed on March 24, 2021, asserting there was no causation between the surgery and the accident ("the causation motion"). This motion implicated Flint Region, which sought payment of no-fault benefits from Allstate. Allstate also moved for partial summary disposition under MCR 2.116(C)(10) as to Flint Region's claims for medical expenses incurred from treating Polk ("the surgery bill motion").[7]

Relevant to this appeal, Allstate moved to compel Flint Region and MCN to file initial disclosures under MCR 2.302(A)(1) on October 4, 2022, contending that neither party provided evidence to substantiate their claims for incurred medical expenses.[8] At the motion hearing, Allstate's counsel noted that the trial court ordered Flint Region to file "supplemental disclosure[s]," but Flint Region did not, despite requesting "like $600,000." The trial court granted the motion, ordered Flint Region and MCN to "provide supplemental initial disclosures within fourteen (14) days," and reopened discovery.

The trial court entered a scheduling order regarding Allstate's motions for summary disposition, requiring: (1) responses to be filed on or before November 18, 2022, and (2) reply briefs to be filed on or before November 23, 2022. The trial court stated: "Failure to file a **timely** response may be considered consent to the relief requested." Allstate also moved to compel Flint Region and MCN to file "more specific disclosures" because they "disclosed only [Polk] and [the surgeon]" and did not disclose "any biller" to "justify an amount of $473,899.76 for a single surgery." Attached to Allstate's motion was a copy of the supplementary initial disclosures.[9]

The trial court held a hearing regarding Allstate's discovery motion. Counsel for Allstate stated that Flint Region's "bill is like [$420,000] something" but Flint Region "did not disclose . . .

---

[5] The lower court record included a proof of service for this document.

[6] The lower court record included a proof of service for this document.

[7] In the same motion, Allstate moved for partial summary disposition under MCR 2.116(C)(10) and (C)(5) as to Polk's claims for expenses from C-Spine Orthopedics. These parties and claims are not relevant to the issues on appeal.

[8] Exhibit E to Allstate's Motion to Compel was a September 23, 2022 trial court order stating, in relevant part, "parties shall provide supplemental initial disclosures on or before [September 16, 2022]."

[9] The supplementary initial disclosures were not filed separately in the lower court file. However, a proof of service was filed on September 15, 2022.

their biller." Counsel for Allstate admitted that he received the initial disclosures, which named Polk and the surgeon but did not "list anything regarding their billing." Counsel for Allstate requested to depose Flint Region's biller, who was identified as Kim Matthews, and requested to adjourn the surgery bill motion until after that deposition. The trial court stated that the deposition should have "been done already" and denied Allstate's discovery motion.

On February 21, 2023, Flint Region and MCN filed responses to two of Allstate's motions for summary disposition, neither of which was a response to the surgery bill motion. First, in their response to Allstate's motion for summary disposition regarding Polk's alleged wrongful conduct and material misrepresentations, Flint Region and MCN argued that Allstate's "allegations [were] baseless as to its claims, as well as those of Ms. Polk" and relied "on the Response filed" by Polk. Next, in their response to Allstate's causation motion, Flint Region and MCN argued that they concurred with Polk's response and "rely on [Polk's] brief to the extent that it affects Intervening Plaintiffs' claims."

The trial court held a hearing on Allstate's motions for summary disposition.[10] The trial court stated that Flint Region "failed to respond" to the surgery bill motion and "no documentation was produced in relation" to it. The trial court stated that it was granting the surgery bill motion. Counsel for Flint Region interjected, however, stating that it "filed initial disclosures, supplementary initial disclosures, and a Case Evaluation summary." Counsel for Flint Region also indicated that a response to the surgery bill motion was filed, but possibly "in the wrong case number." The trial court then stated that it would withhold its decision on the surgery bill motion in order to give counsel for Flint Region time to file a one-page document "telling [the trial court] what [Flint Region] filed, or g[ave] to [counsel for Allstate]."

On March 27, 2023, Flint Region and MCN filed a supplemental response to the causation motion. The supplemental response included four exhibits: (A) Flint Region's and MCN's February 21, 2023 response to the causation motion; (B) their February 10, 2023 witness list; (C) Flint Region's and MCN's September 15, 2022 supplementary initial disclosures; and (D) Flint Region's and MCN's February 28, 2022 initial disclosures. Allstate replied, contending that the documents were late or otherwise insufficient. More specifically, Allstate asserted that the initial disclosures and supplementary disclosures contained inconsistent totals for the amount of expenses incurred. Allstate also argued that the deposition testimony of Matthews was insufficient to establish the amount billed.[11]

At another hearing, the trial court again noted that there was no response filed to the surgery bill motion and, instead, "two responsive briefs" concerning different motions were filed "90 days late." The trial court disregarded the supplemental response, explaining:

---

[10] The trial court denied the causation motion because there was a genuine issue of material fact regarding whether the surgery (1) was causally related to the accident or (2) reasonably necessary.

[11] The trial court did not consider Matthews's testimony, which was not provided to this Court on appeal.

. . . [A]nd what was listed in that one-page supplement that I allowed Intervening Plaintiff to file . . . , they relied on a brief that they filed 90 days late . . . to . . . one of the causation . . . motions, which has nothing to do with this motion. And that response . . . wasn't any substantive argument and it didn't have attached your bills.

So[,] that is worthless, and frankly nonresponsive. . . .

And with respect to the initial disclosures . . . , which was apparently served on the other parties February 28, 2022, at least that was what the Proof of Service said, and then also a supplement was not filed until September 15, 2022.

. . . I don't have access to the initial disclosures. I don't know what the bills are. . . . [T]here seems to be some very significant confusion as to what the outstanding bills are for Flint Region and their astronomical bills.

Counsel for Flint Region reiterated that it followed the trial court's directives, it produced Matthews for a deposition, and Allstate knew the amount that Flint Region billed for the surgery. In response, the trial court emphasized: "[Y]ou simply didn't file a response to this [surgery bill motion] and you want me to rely on a one page[,] one paragraph response that you filed in another [motion] that only says we concur, again, not providing your bills to the Court or any legal argument." The trial court granted summary disposition on the surgery bill motion under MCR 2.116(C)(10) and dismissed Flint Region's claims, explaining that Flint Region did not (a) offer proof of its claims, (b) file a response in opposition, and (c) provide a legal argument as to whether the bills were reasonable.

Flint Region and MCN moved to extend the deadline to file a motion vacating the trial court's order, which Allstate opposed. The trial court denied the motion, explaining: "[T]his [has] been put to rest on the record many times that [Flint Region] failed to [respond to the surgery bill motion]." Flint Region and MCN moved for reconsideration of the trial court's order denying its motion to extend the filing deadline. The trial court denied Flint Region's and MCN's motion for reconsideration. The trial court entered a stipulated order dismissing MCN with prejudice, which was a final order closing the instant action.

This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

Flint Region appealed from the trial court's January 24, 2024 stipulated dismissal order but challenged the trial court's April 4, 2023 order granting summary disposition in favor of Allstate under MCR 2.116(C)(10) and dismissing Flint Region's claims for no-fault benefits for medical treatment services provided to Polk. This Court "review[s] de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "De-novo review means that we review the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022)

-5-

(quotation marks and citation omitted). A motion for summary disposition under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160.

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

Specifically,

> the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross and Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

"Statutory interpretation is a question of law, which this Court also reviews de novo." *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 493; 791 NW2d 853 (2010). "To the extent that this review requires [t]he construction and interpretation of court rules, this Court applies a de novo standard of review." *Tindle v Legend Health, PLLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (quotation marks and citation omitted; alteration in original).

## B. SUMMARY DISPOSITION AS TO FLINT REGION

Flint Region contends the trial court erred by granting summary disposition to Allstate and dismissing Flint Region's claims for no-fault benefits for performing Polk's lumbar spinal fusion, because (1) there was evidence supporting its incurred expenses and (2) the reasonableness of the billing was a jury question. We agree.

MCL 500.3105(1) states "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3107(1) provides that PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

> [T]he plain language of [MCL 500.3107(1)(a)] imposes four requirements that a PIP claimant must prove before recovering benefits for allowable expenses: (1) the expense must be for an injured person's care, recovery, or rehabilitation, (2) the expense must be reasonably necessary, (3) the expense must be incurred, and (4)

the charge must be reasonable. [*Douglas v Allstate Ins Co*, 492 Mich 241, 259; 821 NW2d 472 (2012).]

MCL 500.3157(1) also states "a physician, hospital, clinic, or other person that lawfully renders treatment to an injured person for an accidental bodily injury covered by personal protection insurance . . . may charge a reasonable amount for the treatment" but the "charge must not exceed the amount the person customarily charges for like treatment."

"[A]n insured incurs charges for healthcare services at the time the services are rendered." *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, 345 Mich App 649, 666; 9 NW3d 104 (2023). "Once those charges are incurred, the insured becomes liable to pay them." *Id*. at 666-667. When "the insured assigns their rights under the no-fault act to the healthcare provider, the insured assigns the right to have the reasonable medical expenses [the insured] incurred for healthcare services provided by [the provider] paid by [the insurer]. . . ." *Id*. at 667 (quotation marks and citation omitted; alterations in original). Further, "a medical provider will only be paid for reasonable and necessary charges actually incurred." *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 609; 928 NW2d 726 (2018). "[T]he Legislature has not defined what is reasonable in this context, and, consequently, insurers must determine in each instance whether a charge is reasonable in light of the service or product provided." *Id*. (quotation marks and citation omitted). No-fault insurers "are *required* to challenge the reasonableness of a medical provider's charges[,] and . . . medical providers should expect no less." *Id*. at 610. "[T]he question whether expenses are reasonable and reasonably necessary is generally one of fact for the jury[.]" *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 55; 457 NW2d 637 (1990). However, "it may in some cases be possible for the court to decide the question of the reasonableness or necessity of particular expenses as a matter of law[.]" *Id*. "[I]f it could be said with certainty that an expense was both reasonable and necessary, the court could make the decision as a matter of law. As always, the determination would be made after viewing the evidence in the light most favorable to the nonmoving party." *Id*. (quotation marks and citations omitted).

A trial court may issue a scheduling order if it "would facilitate the progress of the case[.]" MCR 2.401(B)(2)(a). Under MCR 2.116(G)(5), a trial court's ruling on a motion for summary disposition brought pursuant to MCR 2.116(C)(10) is based on "then filed" evidence. However, "[a] court has discretion to consider untimely documents." *Flanagin v Kalkaska County Rd Comm*, 319 Mich App 633, 640; 904 NW2d 427 (2017). Nevertheless, "MCR 2.401 implicitly permits trial courts to decline to entertain motions beyond the deadlines established in scheduling orders. . . . [T]his construction promotes the efficient management of the trial court's docket[.]" *Kemerko Clawson LLC v. RxIV Inc*, 269 Mich App 347, 350; 711 NW2d 801 (2005).

There is no dispute that Flint Region provided treatment to Polk after the accident, including her surgery. There is also no dispute that, after Allstate moved for summary disposition to dismiss Flint Region's claims for no-fault benefits, Flint Region did not timely present evidence in a formal response to the surgery bill motion for summary disposition. After Allstate filed its surgery bill motion, the trial court entered a scheduling order that required: (1) responses to be filed on or before November 18, 2022, and (2) reply briefs to be filed on or before November 23, 2022. The trial court stated: "<u>Failure to file a **timely** response may be considered consent to the relief requested</u>." In the appendix to its brief on appeal, Flint Region attached the purported February 21, 2023 response to the surgery bill motion. The proof of service for the response

indicated that it was filed in the underlying action, rather than the instant action. The response was never received by the trial court, and is not considered on appeal. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

Although Flint Region did not file a response to the surgery bill motion, it argues that the misfiling of its response should not have led to the trial court granting summary disposition regarding the surgery bill because, ultimately, the trial court allowed Flint Region to correct its mistake by filing a supplemental response. We agree.

On February 28, 2022, Flint Region completed initial disclosures. On September 15, 2022, Flint Region completed supplementary initial disclosures. Allstate does not dispute receipt of these documents. In fact, counsel for Allstate admitted Flint Region's bill was "like [$420,000] something." Later, after counsel for Allstate deposed Matthews, he informed the trial court that there was new information to consider and offered to refile the surgery bill motion or adjourn the hearing. However, the trial court denied the filing of any further motions, initially stated that it was granting the surgery bill motion, and emphasized that Flint Region failed to respond to the surgery bill motion or provide documentation of its claims. After counsel for Flint Region clarified (1) the response was misfiled in the underlying action, and (2) initial disclosures and supplementary initial disclosures were served, the trial court withheld its decision as to the surgery bill motion and allowed Flint Region to file a one-page document "telling [the trial court] what [Flint Region] filed, or g[ave] to [counsel for Allstate]."

After the trial court's instruction, Flint Region filed its supplemental response, which included the initial disclosures, supplementary initial disclosures, a witness list, and a response to the causation summary disposition motion, as exhibits. The disclosures included medical records and billing information for the surgery. Flint Region asserts that the evidence presented in its supplemental response created a question of fact it incurred expenses from the surgery. We agree.

Although Flint Region certainly did not comply with every court rule or order, counsel for Flint Region explained that (1) its response was misfiled and (2) any error was corrected when the trial court allowed the filing of a supplemental response.[12] We acknowledge that the supplemental response did not contain the correct motion response. However, we note that the supplemental response did show that Flint Region requested $707,690.31 for its claims, which included $473,899.76 in alleged incurred expenses, $56,867.97 in alleged interest, and $176,922.58 in alleged attorney's fees. In support of its claims, Flint Region offered its February 2, 2022 invoice, which showed a balance of $464,011.01. The invoice itemized the individual components of the surgery, with specific descriptions and amounts billed. Worth noting, the supplementary initial disclosures contained extensive medical records outlining the details of the surgery. This evidence created a genuine issue of material fact as to whether Flint Region incurred allowable expenses

---

[12] We recognize the trial court's patience in allowing Flint Region to make this showing.

from Polk's surgery. Whether these expenses were reasonable or reasonably necessary presents a question of fact, which should be determined by a jury.[13] See *Nasser*, 435 Mich at 55.

Further, even without consideration of any evidence presented by Flint Region, Allstate's surgery bill motion presented evidence creating a question of fact as to whether Flint Region incurred allowable expenses. Although Rockholt concluded that Flint Region's charges were "disallowed as unsupported" because there were no records from the surgery, Rockholt nevertheless reviewed "numerous charges" for the surgery. In an August 14, 2022 audited bill review authored by Rockholt, it was noted that Flint Region billed $624,529.64. This included an itemized list of services provided to Polk. For example, the amount billed for "lumbar spine fusion" was $88,940.70. The itemization included the "Average Contracted Rate" for each service, as well as an "Audited UCR Amount at 85th Percentile." The itemization described the nature of each service provided. This document by itself demonstrates that Flint Region incurred allowable expenses because of treatment rendered for Polk's care, recovery, or rehabilitation. As stated, whether or not the expenses were reasonable was a question for the fact-finder.

To the extent that Allstate asserts Flint Region waived its right to refute the surgery bill motion, this argument is misguided. Allstate did not cite to any rules or caselaw supporting a waiver of Flint Region's rights. Instead, the referenced caselaw merely supported the proposition that failure to file a response to a motion for summary disposition may lead to grounds for the trial court to grant such a motion. Allstate further contends that Flint Region had the burden of proving the expenses were reasonably necessary, citing this Court's opinion in *Nelson v Detroit Auto Inter-Ins Exch*, 137 Mich App 226, 231; 359 NW2d 536 (1984).[14] However, that was the burden applicable for plaintiff at trial and is not the applicable burden on a motion for summary disposition. *See id.* at 229-231. Allstate also contends that this Court should affirm in the event our Supreme Court overrules this Court's opinion in *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 344 Mich App 626; 2 NW3d 71 (2022), and holds that the sale of accounts receivable negates a healthcare provider's standing. This argument is premature because our Supreme Court has not made such a ruling, and the issue was not addressed in the trial court. See *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 124 n 6; 537 NW2d 596 (1995) (noting that "it would be premature and unwise, to say the least, for an appellate court without either arguments or a record concerning the merits of the underlying dispute to decide that dispute").

Finally, we note that much of the problem and confusion that resulted during this litigation is attributable to the failure of Flint Region's counsel to timely file documents in accordance with the trial court's scheduling order and the applicable Michigan Rules of Court. While it may be

---

[13] The record showed that Allstate deposed Matthews, which the trial court did not consider. To the extent that Allstate asserted Matthews's testimony supported that Flint Region's bills were unreasonable, this argument should not have been considered because it was referencing information outside of the record.

[14] This Court is "not strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990, but we think they are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

appropriate to preclude the submission of any late-filed documentation establishing the services performed and attendant costs incurred, the trial court obviated any claims by Flint Region pertaining to undisputed services performed for Polk, of which Allstate was aware and in receipt of materials pertaining to the claim. Although the trial court's frustration regarding the untimely submissions by Flint Region's counsel is understandable, the precept that "[d]ismissal is a drastic step that should be taken cautiously," *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995), is also recognized. Typically, then, it is cautioned that a trial court should consider all options available before imposing a dismissal. See *Hanks v SLB Mgmt, Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991).

## III. CONCLUSION

Viewing the evidence presented in the light most favorable to Flint Region, there was a genuine issue of material fact as to whether reasonable, allowable expenses were incurred. The trial court's April 4, 2023 order granting summary disposition under MCR 2.116(C)(10) is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michael J. Riordan