BERTILACCI v AVERY

JUDGMENT—MONETARY WORTH—OFFER OF JUDGMENT.

The monetary worth of a judgment, for purposes of assessing costs when an offer of judgment has been made, is determined by the total of the following: (1) the amount of the jury verdict; (2) the interest at the statutory rate calculated from the date of the filing of the complaint until the date the offer of judgment was made; (3) costs incurred by the plaintiff prior to the date of the offer of judgment (GCR 1963, 519.1).

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 April 11, 1972, at Grand Rapids. (Docket No. 11792.) Decided August 29, 1972. Leave to appeal denied, 388 Mich 801.

Complaint by Joanne M. Bertilacci and Joseph R. Bertilacci against Irving H. Avery for damages resulting from an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiffs.

*Davidson, Chaklos, Jungerheld & Hoffman* (by *Terence J. O'Neill),* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

J. H. GILLIS, P. J. This appeal arises out of litigation concerning the amount of damages (liability

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judgments §§ 81, 82.

being admitted) which defendant owed plaintiffs as a result of an automobile collision occurring on May 27, 1967. The critical facts relevant to this case are as follows: On November 17, 1970, defendant served on plaintiffs an offer of judgment pursuant to GCR 1963, 519.1, for the sum of $3,000 plus $500 accrued costs and fees. Plaintiffs not having accepted same within the time allotted by the aforementioned rule, the case was tried with a jury rendering a verdict on February 4, 1971, in the amount of $3,000, allotting $1,500 to each of the plaintiffs. Following the verdict, a judgment was entered for plaintiffs on February 9, 1971, for the total of $3,000 "together with costs to be taxed, and interest as provided by law and continuing until the entire judgment shall be fully paid * * * ". On February 18, 1971, defendant filed a motion to review, alter or set aside the judgment. Plaintiffs submitted an answer with the motion being heard on February 22, 1971. The court, however, decided to defer its decision, requesting briefs from both parties. On March 3, 1971, plaintiffs served a motion for new trial and/ or in the alternative, an additur claiming that the verdict was inadequate and further submitted a bill of costs in the amount of $722.46. Defendant responded by making a motion for remittitur and filing a taxed bill of costs in the amount of $153. A number of subsequent motions were filed by both parties. All of the above motions came to be heard on March 22, 1971. On April 20, 1971, the trial court entered an opinion denying defendant's motion to review, alter or set aside the judgment and allowing plaintiffs' taxed bill of costs, at the same time denying all other motions.

Defendant raises in his appeal various issues, the only meritorious one being as follows: was the

judgment finally obtained by plaintiffs more favorable than the rejected offer of judgment filed by defendant, thereby justifying the trial court's allowance of plaintiffs' bill of costs pursuant to GCR 1963, 519.1? GCR 1963, 519.1, states:

*"A party defending against a claim may serve upon the adverse party an offer, in writing, to allow judgment to be taken against him for all or a part of the claim for relief in accordance with the term of the offer together with costs then accrued.* If the adverse party serves written notice that the offer is accepted within 10 days after the service of the offer and before the evidence is closed, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer which is received 10 days before the evidence is closed and is not accepted within 10 days after being received shall be considered rejected. An offer received less than 10 days before the evidence is closed may be accepted or expressly rejected before the evidence is closed but if it is not thus expressly accepted or rejected the offer shall not be considered as rejected and shall have no effect on costs. Evidence of an offer is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the rejected offer, the offeree must pay the taxable costs incurred after the. making of the offer.* The fact that an offer is made but not accepted does not preclude a subsequent offer."* (Emphasis supplied.)

It is defendant's contention that in determining the total monetary value of the "judgment finally obtained by the offeree" in order to compare whether it is more or less favorable than the rejected offer of judgment, only the actual jury verdict ($3,000) can properly be considered; accrued interest or taxable costs should not be included in this court rule definition of "judgment". While the purpose of rule 519.1 was to encourage settlements and avoid protracted litigation (the

inducement to settlement being the opportunity to save costs), it was not designed to force an offer of judgment on a plaintiff who would have been better off monetarily rejecting said offer and going to trial. Consequently, the only equitable formula that can be adopted in this case in order to determine the monetary worth of the judgment obtained by the offeree (plaintiff) at trial is to total the following: (1) the amount of the jury verdict; (2) interest at the rate pursuant to MCLA 600.6013; MSA 27A.6013 (in this case 5% per year) calculated from the date of the filing of the complaint (May 4, 1967) until the date the offer of judgment was made (November 17, 1970); (3) costs incurred by plaintiffs prior to the date of the offer of judgment. Applying this formula to the case now before us, it is plain to see that the judgment finally obtained by plaintiffs was substantially more favorable than defendant's rejected offer of $3,000 ($3,000 plus $500 accrued costs and fees). The interest alone on the $3,000 jury verdict was in excess of $500 while the cost of taking depositions prior to the settlement offer amounted to $398.86. Additionally, there were other nominal costs such as filing fees and service fees. Consequently, we conclude the trial court did not err in allowing plaintiffs' taxed bill of costs.

Defendant also questions the allowance by the trial judge of interest on plaintiffs' judgment beyond the date that the written offer of settlement was made. The statute upon which defendant relies states as follows:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in

which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. *In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made."* MCLA 600.6013; MSA 27A.6013. (Emphasis supplied.)

We would be "hard put" to conclude that the offer of settlement was "substantially identical" to the judgment finally obtained by plaintiffs. Hence, it can hardly be said that the trial court abused its discretion by allowing interest beyond the date of the offer.

Affirmed. Costs to plaintiffs.

All concurred.