SINGLETON v DAVIS

Docket No. 78-4830. Submitted October 4, 1979, at Detroit.—Decided January 23, 1980. Leave to appeal applied for.

Penny Singleton was injured in a collision with an automobile which was owned by Everett B. Davis and which was operated by Ricky E. Davis. On October 31, 1974, Singleton filed a complaint seeking damages for injuries she received in that collision. On October 4, 1978, defendants' insurer made an offer of judgment in the amount of $11,500. The offer of judgment contained no provisions with respect to the award of costs or interest. Plaintiff accepted the offer of judgment. After a hearing concerning the judgment order, the Wayne Circuit Court, Neal E. Fitzgerald, J., entered a judgment in the amount of $11,500 plus costs and prejudgment interest allowable by law. Defendants, through their insurer, payed the $11,500 judgment and the $168.30 court costs, however, defendants appeal from the award of prejudgment interest. *Held:*

Prejudgment interest as provided by statute is properly awarded on a judgment entered pursuant to an offer of judgment made and accepted in accordance with the provisions of the general court rules. The fact that the addition of such prejudgment interest to the amount of the offer of judgment brings the total recovery to more than the limits of the policy issued by the defendants' insurer does not affect the operation of the statutory provision providing for prejudgment interest.

Affirmed.

R. M. MAHER, J., dissented. He would hold that an offer of judgment was intended to encompass prejudgment interest. He would hold that the judgment entered should not include the statutory prejudgment interest. He would reverse.

OPINION OF THE COURT

1. JUDGMENT — OFFER OF JUDGMENT — INTEREST ON JUDGMENT — STATUTES — COURT RULES.
   Prejudgment interest, as provided by statute, is properly awarded

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 22 Am Jur 2d, Damages § 179 *et seq.*

on a judgment entered pursuant to an offer of judgment made and accepted in accordance with the applicable court rule, notwithstanding the fact that the addition of the prejudgment interest increases the total recovery to an amount which exceeds the limits of the insurance policy issued by the defendant's insurer (MCL 600.6013; MSA 27A.6013, GCR 1963, 519.1).

DISSENT BY R. M. MAHER, J.

2. JUDGMENT — OFFER OF JUDGMENT — INTEREST ON JUDGMENT — STATUTES — COURT RULES.

*An offer of a judgment which is made in accordance with the provisions of the general court rules is by statute and court rule intended to include any statutory prejudgment interest so that settlements are encouraged and protracted litigation is avoided; accordingly, it is error to enter judgment in the amount of the offer of judgment plus the statutory prejudgment interest (MCL 600.6013; MSA 27A.6013, GCR 1963, 519.1).*

*Raymond L. Krell, P.C.,* for plaintiff.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *David R. Tuffley) (Gromek, Bendure & Thomas,* of counsel), for defendants.

Before: T. M. BURNS, P.J., and BRONSON and R. M. MAHER, JJ.

PER CURIAM. On October 31, 1974, plaintiff filed a complaint in Wayne County Circuit Court seeking damages for injuries she sustained in an automobile collision with defendants. On October 4, 1978, defendants, through their insurer, Detroit Automobile Inter-Insurance Exchange, made an offer of judgment to plaintiff pursuant to GCR 1963, 519.1. The offer of judgment was in the amount of $11,500. However, it contained no terms relating to an award of interest or costs. Subsequently, on October 12, 1978, plaintiff filed her acceptance of the offer of judgment with the Wayne County Circuit Court.

Following a hearing on October 27, 1978, judgment was entered in favor of plaintiff in the amount of $11,500 "together with costs and interest allowable by law." In accordance with the provisions of MCL 600.6013; MSA 27A.6013, the lower court awarded plaintiff prejudgment interest from the date that she filed her complaint. Defendants, through DAIIE, paid the $11,500 judgment plus costs, but have appealed the award of interest.

Defendants argue that because the prejudgment interest assessment brought the total amount of plaintiff's recovery above the stated policy limits of $11,500, the lower court erred in making the interest award. A similar argument was considered and rejected by this Court in *Denham v Bedford,* 82 Mich App 107; 266 NW2d 682 (1978), *lv gtd* 403 Mich 846 (1978). In *Denham* this Court held that an insurer may be held liable for the amount of its policy limits plus prejudgment interest on that amount, where a money judgment equal to or exceeding the policy limits is awarded. The fact that plaintiff's award arose out of an offer of judgment and not a jury verdict does not alter this result. *McGrath v Clark,* 89 Mich App 194; 280 NW2d 480 (1979).

Affirmed. Plaintiff may assess costs.

R. M. MAHER, J. *(dissenting).* I must respectfully dissent from the majority opinion.

MCL 600.6013; MSA 27A.6013 allows for the recovery of prejudgment interest on "any money judgment recovered in a civil action".

GCR 1963, 519.1, which regulates offers of judgment, provides in pertinent part:

".1 Offer of Judgment, A party defending against a

claim may serve upon the adverse party an offer, in writing, to allow judgment to be taken against him for all or a part of the claim for relief in accordance with the term of the offer together with costs then accrued. * * * If the judgment finally obtained by the offeree is not more favorable than the rejected offer, the offeree must pay the taxable costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

In *Bertilacci v Avery,* 42 Mich App 483; 202 NW2d 331 (1972), the defendant served on the plaintiffs an offer of judgment pursuant to GCR 1963, 519.1 for the sum of $3,000 plus $500 in accrued costs and fees. Plaintiffs did not accept within the time allotted by the rule, and the case went to trial before a jury. On February 4, 1971, the jury returned a verdict of $3,000, together with costs and interest as provided by law. This Court was then required to decide whether the jury verdict was more or less favorable than the rejected offer of judgment in order to determine who would pay the costs. In reaching the decision, the Court used a three-part formula which took into account the amount of the jury verdict ($3,000), the interest obtainable under MCL 600.6013; MSA 27A.6013 (at that time 5% per year), and the costs incurred by plaintiffs prior to the date of the offer of judgment (approximately $500). The Court then concluded that under the formula, the judgment obtained by the plaintiffs was "substantially more favorable" than the defendant's rejected offer, 42 Mich App at 486. Implicit to this determination is the conclusion that the offer of judgment was not subject to the interest statute, the other two figures being equal. See also, *Beltz v Kimberley,* 63 Mich App 700, 702-703, fn 1; 235 NW2d 25 (1975).

*McGrath v Clark,* 89 Mich App 194; 280 NW2d

480 (1979), held that where the parties have made no provision for interest in the offer of judgment, interest is allowed under MCL 600.6013 as on any other judgment. *McGrath* concedes that under proposed MCR 2.405A(2), an offer is defined as being inclusive of all costs and interest then accrued, but says that this is a change from the present rule. I would disagree. The proposed version is merely a clarification of the present rule. The committee comments do not indicate that this definition represents a departure from the rule now in effect. Furthermore, *McGrath* states that *Bertilacci, supra,* did not deal with the interest question. Any reasonable interpretation of *Bertilacci* would indicate that the resolution of this issue was implicit in the result.

GCR 1963, 519 was designed to encourage settlements and avoid protracted litigation. *Bertilacci v Avery, supra, McGrath v Clark, supra.* The rule merely formalizes the settlement process which is normally carried on by the parties in personal discussions or over the telephone. If the rule is to be effective in promoting settlements, it should not be used to alter or frustrate the terms of an agreement. It is true that the offer of judgment at issue herein could have been drafted more precisely.[1] However, I would find that the figure of $11,500 was contemplated by the offeror to be inclusive of prejudgment interest, because it repre-

---

[1] The offer of judgment, in its entirety, provided:

"NOW COME the defendants, EVERETT B. DAVIS and RICKY EVERETT DAVIS, by and through their attorneys, SELBY, DICKIN-SON, PIKE, MOURAD & BRANDT, and offer to allow a judgment to be taken against them in the amount of Eleven Thousand, Five Hundred ($11,500.00) Dollars for pain and suffering. This offer is made pursuant to General Court Rule 519."

It should be noted that defendant agreed to pay an additional $168.30 in costs, but costs are included specifically in GCR 1963, 519.1, unlike prejudgment interest.

sented the full amount of the policy limits. Certainly, a lesser amount would have been offered if it was contemplated that an additional interest liability would be tacked on to the named figure.