SHWARY v CRANETROL CORPORATION

Docket No. 57214. Submitted June 3, 1982, at Detroit.—Decided
September 22, 1982. Leave to appeal applied for.

Richard Shwary was injured on the job when a crane caused
pieces of steel to fall on him. He and his wife Barbara Shwary
brought an action against Cranetrol Corporation, Northern
Engineering Corporation, and Francis Fodale, an inspector for
the Michigan Department of Labor who had inspected the
plant before the accident. The claims against Cranetrol and
Northern have been settled. The claim against Fodale alleged
various instances of negligence in his inspection of the crane
and material handling system. Fodale moved for summary
judgment on the basis of governmental immunity. The Wayne
Circuit Court, Henry J. Szymanski, J., denied the motion, and
Fodale appeals by leave granted. *Held:*

The distinction between "ministerial" and "discretionary"
duties is irrelevant. The proper test for determination of
whether a government employee is protected by governmental
immunity from tort liability is whether the employee was
acting within the scope of his employment when committing
the allegedly tortious act. If so, he cannot be held liable. There
is no argument herein that Fodale's acts were outside the scope
of his employment. Therefore, the trial court erred in denying
the motion for summary judgment.

Reversed.

NEGLIGENCE — TORTS — GOVERNMENTAL IMMUNITY.

The proper test for determination of whether a government
employee is protected by governmental immunity from tort
liability is whether the employee was acting within the scope of
his employment when committing the allegedly tortious act; if
so, he cannot be held liable (MCL 691.1407; MSA 3.996[107]).

REFERENCES FOR POINTS IN HEADNOTE
63 Am Jur 2d, Public Officers and Employees § 304.
72 Am Jur 2d, States Territories, and Dependencies §§ 99, 104, 108
*et seq.*

*Hurwitz & Karp* (by *Miles A. Hurwitz* and *Martin Hirschman),* for plaintiffs.

*Bushnell, Gage, Doctoroff & Reizen* (by *Mark E. Reizen),* for defendant Fodale.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

· PER CURIAM. Defendant Francis Fodale appeals by leave granted an order of the circuit court denying his motion for summary judgment pursuant to GCR 1963, 117.2(1).

On February 3, 1975, plaintiff Richard Shwary (plaintiff) was working at the Peninsular Steel Company's warehouse. While assisting a co-worker in removing steel from storage racks, plaintiff was severely injured when a crane operated by the co-worker caused bars and rounds of steel to fall on plaintiff's back.

Plaintiff sued Northern Engineering Corporation (the seller of the crane) and Cranetrol Corporation, which had entered into a contract to inspect, maintain and service the crane.[1] Plaintiff also sued Francis Fodale (defendant), an inspector for the Michigan Department of Labor who had conducted a safety inspection of the plant before the accident. Plaintiff alleged that it was defendant's duty to carry out his inspections of the crane and material handling system at Peninsular Steel in a careful and proper manner, without negligence and with due regard for the rules of the common law, the applicable state of the art and/or safety standards and the laws and regulations of the State of Michigan. Plaintiff also alleged that defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiffs have entered into a settlement with these two defendants, so they are no longer parties to this action.

dant, in violation of his duties and in utter disregard thereof, was careless, reckless, and negligent. In addition, plaintiff alleged that defendant's negligence included, but was not limited to, the following:

"A. Failure to properly and adequately inspect and/or warn Peninsular Steel as to the unreasonable hazards and risk attendant in the use and operation of its crane and material handling system.

"B. Failure to warn Peninsular Steel of the hazards, dangers, and the unreasonable risk in permitting and allowing steel to be stacked on top of the racks in the area where overhead cranes, and in particular the crane identified as C4, was being used.

"C. Failure to properly and adequately enforce, adopt or make applicable such safety standards and the state of the art as to the use and operation of the crane and material handling system of Peninsular Steel.

"D. Failure to recommend such safety devices as were necessary to eliminate the unreasonable risk and hazards attendant in the use and operation and application of the crane and material handling system of Peninsular Steel with the steel being improperly stacked or warehoused."

Finally, plaintiff alleged that as a direct and proximate result of the negligence of defendant, he and his wife suffered injuries and damages.

Defendant moved for summary judgment under GCR 1963, 117.2(1), alleging that plaintiff had failed to state a claim upon which relief could be granted on the ground, *inter alia,* that defendant was entitled to governmental immunity. The circuit court denied the motion.

We reverse.

On appeal, defendant contends that the circuit court erred in denying his motion for summary judgment. Plaintiff, in response, contends that defendant is not entitled to governmental immunity

under MCL 691.1407; MSA 3.996(107) since he was performing duties that were "ministerial" rather than "discretionary" in nature. We regard this distinction as irrelevant.

In *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981), in a well-reasoned opinion, Judge BRONSON pointed out that a majority of the Supreme Court has apparently rejected the "ministerial-discretionary" standard. Thus, reviewing courts need not decide whether employees were performing duties that were discretionary in nature in order to determine whether the employees are entitled to governmental immunity. Rather, "the proper test to apply is merely whether the [employees] were acting within the scope of their employment. If so, they cannot be held liable". *Id.,* 698.

A number of panels of this Court have continued to apply the ministerial-discretionary test. See, *e.g., Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979); *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980); and *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981). We believe that these decisions reflect a misapprehension of the Supreme Court's multitude of opinions in *Lockaby v Wayne County,* 406 Mich 65, 83-84; 276 NW2d 1 (1979), and, therefore, we decline to follow them.

Plaintiff does not contend that defendant's acts were *ultra vires* or outside the scope of his employment. Since plaintiff has failed to allege sufficient facts in avoidance of governmental immunity, the circuit court erred in denying defendant's motion for summary judgment.

Our disposition of the foregoing issue renders it unnecessary to address defendant's remaining claim of error.

Reversed. Defendant may tax costs.