YOUNG v ROBIN

CARY v ROBIN

Docket Nos. 58763-58765. Submitted July 1, 1982, at Grand Rapids.—
Decided November 24, 1982.

Kenneth R. Young and Eldrid V. Cary were killed and Rosella
Young and Elmer Cary were injured when the automobile in
which they were riding collided with the rear of a truck which
was parked on the left shoulder of the southbound lane of I-69
with a portion of the truck projecting into the traffic lane. The
truck driver had parked in that position in order to ascertain
whether he could render any assistance to two state troopers
who had become stuck in the median while trying to cross over
to pursue a speeding automobile. Rosella Young and Elmer
Cary, individually and as administratrix and administrator
respectively of the estates of Kenneth Young and Eldrid V.
Cary, brought an action against the driver of the truck, Stanley
W. Robin, and the truck driver's employer, United Trucking
Service, Inc. The defendants brought a third-party action
against the Michigan State Police and the two state troopers,
Robert Glaser and Rodney Olney. The state troopers moved for
summary judgment on the ground of governmental immunity.
The trial court denied the motion on the basis that the state
troopers were not entitled to governmental immunity and that
there existed a factual issue with respect to whether the
troopers were guilty of wilful and wanton misconduct. Third-
party defendant state troopers appeal by leave granted. *Held:*

The proper test for determination of whether a governmental
employee is protected by governmental immunity from tort
liability is whether the employee was acting within the scope of
his employment when committing the allegedly tortious act.
The so-called ministerial-discretionary standard is no longer
applicable. Since the state troopers were clearly engaged in a
governmental function and the troopers' actions cannot be said

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 88,
89.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45 *et
seq.*

to amount to a nuisance, the troopers are protected by governmental immunity.

Reversed.

M. J. KELLY, P.J., concurred in the result only. He, however, would hold that the ministerial-discretionary standard remains a valid legal standard.

OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — NEGLIGENCE — TORTS.
   The proper test for determination of whether a government employee is protected by governmental immunity from tort liability is whether the employee was acting within the scope of his employment when committing the allegedly tortious act; if so, he cannot be held liable (MCL 691.1407; MSA 3.996[107]).

CONCURRENCE BY M. J. KELLY, P.J.

2. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — DISCRETIONARY ACTS — MINISTERIAL ACTS.
   *Discretionary acts performed by a public employee in carrying out a governmental function are within the scope of governmental tort immunity while ministerial acts performed by a public employee are not within the scope of governmental tort immunity.*

*Lilly & Domeny, P.C.* (by *Jeffrey E. Gwillim),* for Stanley W. Robin and United Trucking Service, Inc.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ronald W. Emery,* Assistant Attorney General, for Robert Glaser and Rodney Olney.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. Shortly before 7 a.m., two Michigan state troopers observed a vehicle speeding in the southbound lane of I-69. Since the state troopers were in the northbound lane, they attempted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to cross the median strip in order to pursue the speeder. The police car, however, got stuck in the median. Shortly thereafter, a truck driver stopped and had a conversation with the state troopers about the best method of extracting the police car. The truck driver ended up parking his vehicle on the left shoulder of the southbound lane, where it extended from two to six feet into the traveled portion of the southbound lane. In other words, although the truck was partly on the road, it was not blocking the road.

Although the police officers called their station to report that their car was stuck, they did not ask for a wrecker. They also did not set out flares by the truck. A number of vehicles passed them without difficulty. However, around 7 a.m., a vehicle containing four passengers and traveling approximately 61 miles an hour smashed into the back of the truck without braking. Two passengers in the car died, and two were severely injured. We will henceforth refer to these parties or their respective representatives as the plaintiffs.

Plaintiffs filed the instant action against the truck driver and the trucking company for which he works. These defendants filed a third-party complaint against the Michigan State Police and the two state troopers who had been present at the scene. The state troopers filed a motion for summary judgment on the ground of governmental immunity. The trial court ruled that the state troopers were not entitled to governmental immunity and, moreover, that there existed a factual issue with respect to whether the state troopers were guilty of wilful and wanton misconduct. The state troopers thereupon filed an application for leave to appeal to this Court, which was granted.

On appeal, the state troopers contend that the

trial court erred in ruling that they were not entitled to governmental immunity. We agree. The state troopers were acting within the scope of their employment at the time of the accident, and their allegedly negligent acts were not *ultra vires.* The ministerial-discretionary standard is dead. See *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981), and *Shwary v Cranetrol Corp,* 119 Mich App 736; 326 NW2d 627 (1982).

The state troopers were clearly engaged in a governmental fuction. Moreover, we cannot agree with plaintiffs that the alleged failure of the state troopers to police the scene of the disabled vehicle amounts to a nuisance in avoidance of governmental immunity.

For the foregoing reasons we reverse and remand to the trial court with instructions to dismiss as to the police officers. We need not address the defendants' contention that the trial court erred in finding that there existed a genuine issue of fact as to whether the state troopers were guilty of wilful and wanton misconduct, since conduct falling short of an intentionally wrongful act is not an exception to governmental immunity.

Reversed. Costs to defendants.


M. J. KELLY, P.J. *(concurring).* I concur in result only. I do not find the ministerial-discretionary standard to be dead. See, *e.g., Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982) and *Young v Ann Arbor,* 119 Mich App 512; 326 NW2d 547 (1982).