YOUNG v ROBIN

CARY v ROBIN

Docket Nos. 80065, 80066. Submitted June 5, 1985, at Grand Rapids.
—Decided October 21, 1985. Leave to appeal denied, 424 Mich —.

Elmer Cary, individually and as administrator of the estate of
Eldrid V. Cary, and Rosella Young, individually and as admin-
istratrix of the estate of Kenneth Young, brought actions in
Branch Circuit Court against Stanley W. Robin and United
Trucking Service, Inc., for injuries sustained when the automo-
bile in which plaintiffs and the decedents were riding collided
with a truck owned by the corporate defendant and driven by
the individual defendant. Defendants brought a third-party
action against the Michigan State Police and two state troop-
ers. The trial court, Thomas C. Megargle, J., refused to dismiss
the third-party action against the state troopers. On appeal, the
Court of Appeals reversed the trial court and remanded the
case to the trial court with instructions to dismiss the third-
party action against the state troopers. 122 Mich App 84 (1982).
Following that remand, plaintiffs and defendants reached set-
tlements during the trial of the principal action. Those settle-
ments were placed on the record. A dispute thereafter arose as
to whether plaintiffs were entitled to statutory interest on the
judgment from the date of the filing of the complaints as to
their individual claims. The trial court, Thomas C. Megargle,
J., determined that plaintiffs were not entitled to statutory
prejudgment interest and entered judgments in the amount of
the settlements without any statutory prejudgment interest.
Defendants satisfied the judgments as entered. Plaintiffs ap-
pealed. The appeals were consolidated. *Held:*

Where there was no agreement by the parties that prejudg-
ment interest should be awarded on the settlement amount,
statutory interest on a money judgment should not be awarded.
The trial court, accordingly, properly refused to award statu-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Interest and Usury §§ 59 *et seq.*

Validity and construction of state statute or rule allowing or
changing rule of prejudgment interest in tort actions. 40 ALR4th
147.

tory prejudgment interest on the amount of the consent judgment entered into by the parties.

Affirmed.

R. M. MAHER, concurred. While he concurred in the decision of the court, he wished to amplify that the consent judgment situation is like an offer of judgment situation, in that statutory prejudgment interest on the judgment should not be awarded.

### OPINION OF THE COURT

1. JUDGMENTS — INTEREST ON JUDGMENT — CONSENT JUDGMENTS.

   Statutory prejudgment interest on a money judgment should not be awarded where the action ends in a consent judgment, absent an agreement by the parties that such interest should be awarded (MCL 600.6013; MSA 27A.6013; GCR 1963, 519.1).

### CONCURRENCE BY R. M. MAHER, P.J.

2. JUDGMENT — OFFER OF JUDGMENT — INTEREST ON JUDGMENT.

   *An offer of a judgment which is made in accordance with the provisions of the general court rules is by statute and court rule intended to include any statutory prejudgment interest so that settlements are encouraged and protracted litigation is avoided; accordingly, it is error to enter judgment in the amount of the offer of judgment plus the statutory prejudgment interest (MCL 600.6013; MSA 27A.6013; GCR 1963, 519.1; MCR 2.405[A][1]).*

*McGinty, Brown, Jacubiak, Frankland & Hitch, P.C. (by Charles E. Henderson), for plaintiffs.*

*Lilly, Domeny, Durant, Byrne & Schanz, P.C. (By Paul Z. Domeny), for defendants.*

Before: R. M. MAHER, P.J., and BEASLEY and SHEPHERD, JJ.

SHEPHERD, J. In these consolidated appeals as of right, plaintiffs claim that the trial court erred in refusing to award statutory interest on the consent judgments entered after the parties reached settlement agreements which were silent as to interest. We affirm.

Plaintiff Elmer Cary, Eldrid Cary and plaintiff Young were passengers in an automobile driven by Kenneth Young. The vehicle ran headlong into a truck driven by defendant Robin.[1] Eldrid Cary and Kenneth Young died because of the collision.

During trial, the parties reached a settlement. They placed the terms of the agreement on the record. There was no mention of interest. By the terms of the two judgments (entered June 21, 1984) appealed from here, relating to the individual claims of the two plaintiffs, the trial court awarded interest only from June 29, 1984. Defendants satisfied the judgments before that date. The trial court denied plaintiffs' motion for interest from commencement of these actions.

Plaintiffs argue that the trial court's refusal to award interest on the consent judgments from the date plaintiffs filed their complaints is in fatal conflict with the following statute:

"(1) Interest shall be allowed on a *money judgment recovered in a civil action,* as provided in this section.

"(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually." MCL 600.6013; MSA 27A.6013 (emphasis added).

Plaintiffs urge that each consent judgment is a "judgment" within the meaning of the statute, so that the allowance of prejudgment interest is mandatory in these cases. *Militzer v Kal-Die Casting Corp,* 41 Mich App 492, 496; 200 NW2d 323 (1972),

---

[1] The facts are succinctly stated in this Court's opinion in a prior appeal. *Young v Robin,* 122 Mich App 84, 85-86; 329 NW2d 430 (1982).

*lv den* 388 Mich 789 (1972). We do not believe this issue can be so easily decided.

The trial court entered the judgments only as a result of the settlements. While "on its plain unambiguous terms, § 6013 applies to all damages sought *and sustained* in a civil action", *Goins v Ford Motor Co,* 131 Mich App 185, 202; 347 NW2d 184 (1983), *lv granted* 422 Mich 857 (1985) (emphasis added), we remain unpersuaded that its application is mandatory even though the judgment is entered as a reflection of the parties' agreement. Surely the Legislature did not intend to abrogate the common law principles governing consent judgments:

> "A consent judgment differs substantially from the usual litigated judgment. It is primarily the act of the parties rather than the considered judgment of the court. *Union v Ewing* [372 Mich 181; 125 NW2d 311 (1963)]. *Cf. Tudryck v Mutch* [320 Mich 99; 30 NW2d 518 (1948)]. It ordinarily cannot be set aside by the court without the consent of the parties. *In re Estate of Meredith* [275 Mich 278; 266 NW 351; 104 ALR 348 (1936)]." *Ortiz v Travelers Ins Co,* 2 Mich App 548, 555; 140 NW2d 791 (1966).

> "A consent judgment reflects primarily the agreement of the parties. *Dora v Lesinski,* 351 Mich 579, 582; 88 NW2d 592 (1958). The action of the trial judge in signing a judgment based thereon is ministerial only. The parties have not litigated the matters put in issue, they have settled. The trial judge has not determined the matters put in issue, he has merely put his stamp of approval on the parties' agreement disposing of those matters." *American Mutual Liability Ins Co v Michigan Mutual Liability Co,* 64 Mich App 315, 327; 235 NW2d 769 (1975), *lv den* 395 Mich 830 (1976).

Moreover, the statute dictates allowance of in-

terest on a judgment "recovered", MCL
600.6013(1). Black's Law Dictionary (4th ed) defines "recover", in pertinent part, as follows:

"In a narrower sense, to be successful in a suit, to
collect or obtain amount, to have judgment, to obtain a
favorable or final judgment, to obtain in any legal
manner in contrast to voluntary payment." (Citations
omitted.) See, *Garza v Chicago Health Clubs, Inc,* 347 F
Supp 955, 962 (ND Ill, 1972).

Since a consent judgment is by definition a
product of voluntary agreement, *American Mutual, supra,* it is not "recovered" through litigation
of the matter to a judicial decision. The parties to
a settlement may agree that the settlement figure
include interest, that interest is to be added to
that figure, or that no interest (or interest at a
rate different than those set forth in the statute)
be included in the agreement. The statute does not
require defendants to pay more than the parties
agreed. The issue arises only when there is no
agreement on the question of interest.

In *McGrath v Clark,* 89 Mich App 194; 280
NW2d 480 (1979), this Court held that, when the
court entered a consent judgment following plaintiff's acceptance of defendant's offer of judgment,
GCR 1963, 519.1, and the offer contained no provision for interest, plaintiff was entitled to statutory
interest. The Court stated: "This leaves the parties
free to negotiate on the subject but does not deprive one party of a statutory right by mere silence." 89 Mich App 197. Another panel followed
*McGrath* in *Singleton v Davis,* 95 Mich App 182,
184; 290 NW2d 117 (1980), *lv den* 409 Mich 872
(1980).[2]

---

[2] Under MCR 2.405(A)(1), an offer of judgment "is deemed to include all costs and interest then accrued". Thus, *McGrath* is no longer
good law.

On the other hand, this Court has twice held that where the case was terminated by dismissal following a settlement, plaintiffs waived the right to statutory interest because no final judgment was rendered. *Silisky v Midland-Ross Corp,* 97 Mich App 470, 476; 296 NW2d 576 (1980), *lv den* 414 Mich 868 (1982); *Awedian v Theodore Efron Mfg Co,* 66 Mich App 353, 357-358; 239 NW2d 611 (1976), *lv den* 396 Mich 856 (1976). In *Commercial Union Ins Co v The Shelby Mutual Ins Co,* 563 F Supp 803, 805 (ED Mich, 1983), Judge Joiner drew this conclusion:

"Reviewing all of the decisions, it becomes clear that Michigan courts apply the statute only to situations within its express terms, 'interest * * * on a money judgment,' and draw a distinction under the statute between judgments and consent judgments on the one hand, and settlements which result in dismissal on the other. There is a right to prejudgment interest in the former but not the latter case."

See, also, *Darnell v Auto Owners Ins Co,* 142 Mich App 1, 16; 369 NW2d 243 (1985); *Celina Mututal Ins Co v Citizens Ins Co of America,* 133 Mich App 655, 658; 349 NW2d 547 (1984).

We are dissatisfied with the state of the law on this issue. In our view, *Silisky* and *Awedian, supra,* were correctly decided, because in those cases the trial court entered no judgment which might have served as a basis for an award of statutory interest. However, we do not agree with the notion and with cases that hold that incorporation of a settlement agreement into a consent judgment dictates an award of prejudgment interest even though the parties have reached no agreement on that issue. A consent judgment is merely reflective of the parties' agreement. *American Mutual, supra.* "An agreement to settle a pending lawsuit is

a contract which is to be governed by the legal principles which are generally applicable to the interpretation and construction of contracts." *Gojcaj v Moser,* 140 Mich App 828, 834; 366 NW2d 54 (1985). When the parties have reached no agreement on the question of interest, the trial court lacks authority to impose it as a term of the consent judgment. The court cannot extend the settlement to matters not included in the agreement. 15A Am Jur 2d, Compromise & Settlement, § 23, pp 795-796.

Furthermore, we see no reason to place such heavy emphasis on the fact that the case was settled by a consent judgment rather than by a dismissal. Generally, a consent judgment is entered for one or more of the following reasons:

A. The case involves the interests of minors.

B. The parties for their own private reasons want the matter memorialized by a judgment.

C. Full payment is not made immediately and plaintiff needs the protection of a judgment.

None of these reasons justifies imposing interest back to the date of filing the complaint when the parties and their consent judgment are silent on that issue.

We conclude that the trial court rightly refused to obligate defendants to pay statutory prejudgment interest, since the agreement placed on the record was silent on that point and there is no indication that there was a binding agreement relative to the payment of interest which was not placed on the record.

Interest on a judgment (or an amount equivalent to the same) is an important term of a consent judgment, especially in these days of 12% interest rates. MCL 600.6013. We believe that litigants and their counsel generally resolve the question of

interest and incorporate their resolution of the issue into their settlement agreements as a matter of course. In this case, the agreement was silent on this term. "A meeting of the minds of the parties upon all essential points is necessary to constitute a valid contract." *International Transportation Ass'n v Bylenga,* 254 Mich 236, 239; 236 NW 771 (1931). There is no indication in the record that the parties had reached an agreement as to interest but then simply neglected to place it on the record. On the contrary, they simply neglected to negotiate and agree on that matter. The parties did agree to the amount of principal to be paid and that the principal was to be treated separately from interest. This is confirmed by the facts that the amount of principal was reduced to judgment, tendered and accepted. We agree with the circuit judge that, in these circumstances, the statute does not force defendants to pay interest which they never agreed to pay.

Affirmed.

BEASLEY, J., concurred.

R. M. MAHER, P.J. *(concurring).* I concur in the decision of the majority but write separately to state that implicit to this Court's application of GCR 1963, 519.1 is the conclusion that an offer of judgment is not subject to the interest statute. *Singleton v Davis,* 95 Mich App 182, 185; 290 NW2d 117 (1980) (MAHER, J., dissenting), *lv den* 409 Mich 872 (1980), citing *Bertilucci v Avery,* 42 Mich App 483; 202 NW2d 331 (1971), and *Beltz v Kimberley,* 63 Mich App 700, 702-703, fn 1; 235 NW2d 25 (1975).

Under the new court rules, an offer of judgment is deemed to include costs and interest then accrued. MCR 2.405(A)(1). The new court rule does

not reflect a change in law, but merely clarifies the old rule formalizing the settlement process. An application of the interest statute, MCL 600.6013; MSA 27A.6013, to consent judgments would alter and frustrate the terms of a voluntary settlement.