**Patricia PURWIN**

**v.**

**ROBERTSON ENTERPRISES, INC.**

**ROBERTSON ENTERPRISES, INC.**

**v.**

**Stan R. PURWIN and Patricia Purwin.**

Supreme Judicial Court of Maine.

Argued March 6, 1986.

Decided March 25, 1986.

Verrill & Dana, William C. Knowles (orally), Charles A. Harvey, Portland, for plaintiff.

Deborah M. Mann, Portland, for Purwins.

Richardson, Tyler & Troubh, John S. Whitman (orally), Elizabeth G. Stouder, Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Robertson Enterprises, Inc. (Robertson) appeals from the judgment of the Superior Court, Cumberland County, awarding costs to the plaintiff Patricia Purwin (Purwin). Robertson contends its offer of judgment pursuant to M.R.Civ.P. 68 exceeded the amount of the judgment finally obtained by a jury verdict and therefore the award of costs was error. Patricia and Stan Purwin (Purwins) cross-appeal, contending the court erred in denying their motion to dismiss Robertson's third-party complaint for contribution and in granting Robertson's motion to strike their affirmative defense of parental immunity. For the reasons hereinafter set forth, we deny both appeals and affirm the judgment.

In December 1981, Purwin filed suit as the next friend of her minor child, alleging negligence on the part of Robertson and Mother Earth Shops, Inc. (Mother Earth),[1] in leaving open a door leading from the abutting street to an open elevator shaft. Robertson filed a third-party complaint against the Purwins for contribution. The court denied the Purwins' motion to dismiss the complaint for failure to state a claim against the Purwins and granted Robertson's motion to strike the Purwins' affirmative defense of parental immunity.[2]

In February 1982, Robertson and Mother Earth served on Purwin an offer of judgment pursuant to M.R.Civ.P. 68[3] in the amount of $6,001. The offer was silent as to interest. Purwin did not accept the of-

---

1. Mother Earth is not a party to the instant appeal.

2. Over the objection of Robertson the court also struck its affirmative defense to the Purwin complaint based on the imputation of the parents' negligence to the child. This order is not challenged on appeal.

3. M.R.Civ.P. 68 provides:

> At any time more than 10 days before the trial begins or within such shorter time as the court may approve, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer or within such shorter time as the court may order the adverse party serves written notice

fer. At trial in August 1985, the jury found that the child had suffered damages of $6,000. The jury also found that 50% of the negligence causing the child's injury was attributable to Robertson, 30% to Mother Earth and 20% to the Purwins. Purwin requested an allowance of costs. The court added prejudgment interest to the $6,000 verdict and determined that the "judgment finally obtained" by Purwin was more favorable than the rejected offer of judgment. The court ordered that Purwin be allowed costs. The court also entered judgment for Robertson and Mother Earth as third-party plaintiffs for contribution from the Purwins in the amount of 20% of the jury verdict, plus costs.

### I. Offer of Judgment

On appeal Robertson contends that the "judgment finally obtained" under Rule 68 is to be equated with the amount of the verdict and therefore the court erred in allowing Purwin's costs. We disagree.

Pursuant to Rule 68, "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money ... specified in his offer, with costs then accrued." If the claimant does not accept the offer,

he must pay costs incurred after the offer unless the judgment finally obtained by the claimant is more favorable than the offer. Thus Rule 68 departs from the general rule that "[c]osts shall be allowed as of course to the prevailing party ... unless the court otherwise specifically directs." M.R.Civ.P. 54(d). The purpose of Rule 68, like its federal counterpart, from which it derives, is to encourage settlement and avoid protracted litigation. *Fuller v. State*, 490 A.2d 1200, 1202 (Me.1985); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287, 293 (1981).

The Maine Rules of Civil Procedure do not define "judgment finally obtained" or specify the elements that enter into its calculation. It is clear, however, that under the Rules a jury verdict cannot be equated with a judgment. *Compare* M.R. Civ.P. 48, 49 *with* M.R.Civ.P. 50(b), 54(a)–(c), 55, 56, 57. *See also* M.R.Civ.P. 58 (entry of judgment on the verdict).

Furthermore, a prevailing party has a right, although defeasible in some circumstances, to prejudgment interest. 14 M.R.S.A. § 1602 (Supp.1985–1986).[4] The prejudgment interest shall accrue from the

---

that the offer is accepted, either party may then file the offer and notice of acceptance *together with proof of service thereof* and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay *the costs incurred after the making* of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days, or such shorter time as the court may approve, prior to the commencement of hearings to determine the amount or extent of liability.

**4.** Section 1602(1) provides:

In all civil actions, except those actions involving a contract or note which contains a provision relating to interest, prejudgment interest shall be assessed at the rate of 8% per year.

Prejudgment interest shall accrue from the time of notice of claim setting forth under oath the cause of action, served personally or by registered or certified mail upon the defendant until the date on which an *order of* judgment is entered. If no notice of claim has been given to the defendant, prejudgment interest shall accrue from the date on which the complaint is filed. If the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days, interest shall be suspended for the duration of the continuance. On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section shall be fully or partially waived.

Section 1602(3) provides:

Subsection 1 shall not apply to judgments of less than $5,000. For those judgments, interest shall accrue only from the date on which

time a verified notice of claim is served upon the defendant, or if no notice of claim is given the defendant, or the judgment is for less than $5,000, from the date of filing the complaint. § 1602(1), (3). Section 1602 represents a procedural device to control the conduct of the litigation by penalizing delay. *Batchelder v. Tweedie,* 294 A.2d 443, 444 (Me.1972). Thus, the losing party becomes liable for the payment of additional interest if he delays, and the prevailing party forfeits his entitlement to interest for that period for which he requests and obtains a continuance in excess of 30 days. *See* § 1602(1).

The instant case raises the issue of whether in a comparison between the offer and the "judgment finally obtained" prejudgment interest should enter into the calculation of either the "judgment finally obtained" or the offer. Several modes of comparison are theoretically possible:

1. The amount of the verdict is compared to the amount of the offer.

2. The amount of the verdict plus prejudgment interest accrued as of the date of the offer is compared to the offer.[5]

3. The amount of the verdict plus all prejudgment interest accrued as of the date of judgment is compared to the offer.[6]

4. The amount of the verdict plus all prejudgment interest accrued as of the date of judgment is compared to the offer plus interest on the offer from the date made to the date of the judgment.

■ In the instant case only the first comparison listed would result in a "judgment finally obtained" less favorable than

the offer. Robertson contends that this is the correct position, but cites no authority for it. This position would create unfairness to a claimant and encourage delay by a defending party. A prevailing claimant has a statutory entitlement to prejudgment interest. By making an eleventh-hour offer just slightly above the anticipated amount of a verdict for the claimant, a defendant could compel the claimant either to accept the offer and forego the entitlement to interest, or to reject the offer and risk a shift of costs. We reject this position as undermining the policies behind section 1602 and Rule 68 of discouraging delays in litigation and encouraging settlements. · Accordingly, in the instant case the trial court properly found the "judgment finally obtained" by Purwin was more favorable than the offer of judgment and did not err in granting Purwin's request for an allowance of costs.

## II. *Third-Party Complaint for Contribution*

■ On their cross-appeal the Purwins contend that Robertson's third-party action for contribution is barred by the doctrine of parental immunity. We hold that the action is not barred and find it unnecessary to address the question of the extent to which parental privilege or immunity should be given application.[7]

"[A]n enforceable right of contribution among unintentional joint tort-feasors is an equitable right founded upon acknowledged principles of natural justice." *Packard v. Whitten,* 274 A.2d 169, 179 (Me. 1971). There is no reason to require an

the complaint is filed and at a fixed rate of 8% per year.

5. *See Bertilacci v. Avery,* 42 Mich.App. 483, 202 N.W.2d 331 (1972).

6. *See Davis v. Chism,* 513 P.2d 475 (Alaska 1973).

7. In *Black v. Solmitz,* 409 A.2d 634 (Me.1979), we held parental immunity did not bar an ac-

tion by an unemancipated minor child against his parent's estate for injury caused by the parent's negligent operation of an automobile. *Id.* at 634, 639. The question of the extent to which parental privilege or immunity should still be given application was deferred to "future cases in which, assisted by briefs and arguments of counsel, the Court can delineate the concept in the context of specific situations." *Id.* at 640.

unintentional joint tort-feasor to bear a greater share of the total damages than the proportion caused by his fault. *Id.* at 180; *Otis Elevator Co. v. F.W. Cunningham & Sons,* 454 A.2d 335, 340 (Me.1983). We have allowed, therefore, a third-party action for contribution from a joint tort-feasor husband who, because of the concept of interspousal immunity, could not be directly sued by the injured wife. *Bedell v. Reagan,* 159 Me. 292, 192 A.2d 24 (1963). *See also Otis Elevator Co.,* 454 A.2d at 340 ("a joint tort-feasor directly liable for the injury of another may seek contribution from another joint tort-feasor whose fault also caused the injury of the other, but was not legally liable to that person because ... his fault was not greater than that of the injured person"). We see no reason in this case to depart from the principle of an equitable right to contribution among unintentional joint tort-feasors. *Cf. Walker v. Milton,* 263 La. 555, 268 So.2d 654 (1972) (a statutory prohibition against an unemancipated minor child suing a parent does not bar a third-party action against the parent for contribution). Accordingly, we hold the court properly denied the dismissal of the third-party complaint against the Purwins and granted the motion to strike the Purwins' affirmative defense of parental immunity.

The entry is:

Judgment affirmed.

All concurring.