# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES JOHNSON, a Legally Incapacitated
Person, by Successor Guardian KEISHA
JOHNSON-DAVIS,

UNPUBLISHED
June 12, 2018

Plaintiff-Appellant,

v

No. 336442
Wayne Circuit Court
LC No. 15-006831-NH

HEARTLAND HEALTH CARE CENTER, also
known as HEARTLAND-UNIVERSITY OF
LIVONIA MI LLC,

Defendant-Appellee.

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

In this medical negligence action, which the parties settled, plaintiff appeals as of right from the trial court's order setting aside its previous order and approving the parties' settlement. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arose after Charles Johnson, a legally incapacitated person, allegedly suffered injury after he fell while attempting to get out of bed, without assistance, during his residency at a nursing home facility operated by defendant. Plaintiff, Keisha Johnson-Davis, Johnson's guardian, filed this lawsuit on Johnson's behalf alleging medical negligence. The parties reached a confidential settlement. Their settlement agreement contained a provision prohibiting the parties from disclosing the terms of the settlement.[1] After reaching the settlement agreement, plaintiff filed a motion requesting the trial court to (1) approve the confidential settlement of plaintiff's claims against defendant, (2) authorize plaintiff to sign any release and/or settlement agreements necessary to finalize the settlement, and (3) dismiss the case against defendant with

---

[1] Charles Johnson died during the pendency of the trial court proceedings after the parties reached the settlement.

-1-

prejudice.[2]  Plaintiff's motion did not specifically request the trial court to incorporate the agreement's nondisclosure provision in the order approving the settlement, but defendant's proposed order, which was provided to plaintiff months before the hearing on her motion, included a nondisclosure provision.  During the hearing on plaintiff's motion, the terms of the settlement were set forth on the record before the court.  The terms included that plaintiff understood that "the settlement is confidential and [she] may not share the details of it with anyone but [her] attorney, accountants, heirs, or anyone else by law[.]"  Following the hearing, the trial court granted plaintiff's motion and entered an order approving the settlement and dismissing the case against defendant with prejudice.  The order, which was submitted by defendant, contained language reflecting the agreement's nondisclosure provision:

> IT IS FURTHER ORDERED that there shall be no disclosure of the terms of the settlement to any person other than the parties, the heirs, and next of kin of . . . Charles Johnson, his attorneys and appropriate court officials.

After discovering that the order approving the settlement included the nondisclosure provision, plaintiff filed a post-judgment motion requesting the trial court to set aside its order.  While plaintiff did not dispute that the parties agreed to be bound to the nondisclosure provision as part of the parties' settlement agreement, she maintained that she never agreed to include a nondisclosure provision in the court's order.  She asserted that inclusion of the nondisclosure provision in the order would expose the parties to contempt of court penalties in the event of a violation, which they never intended.  The trial court denied plaintiff's motion to set aside the order on that basis, concluding that the order should reflect the terms of the parties' settlement agreement, including confidentiality.[3]  Plaintiff appealed after the trial court set aside the previous order and entered a new order approving the settlement, because the new order also included a nondisclosure provision.

## II.  STANDARD OF REVIEW

"A trial court's decision on a motion to set aside a prior judgment is discretionary and will not be reversed on appeal absent an abuse of discretion." *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999).  "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo,* 478 Mich 151, 158, 732 NW2d 472 (2007).  To the extent this issue involves the interpretation of the parties' settlement agreement, "[t]he proper interpretation of a contract is a question of law, which [the

---

[2] MCR 2.420 governs the entry of a settlement in an action brought by a guardian on behalf of a legally incapacitated person and requires that "a proposed consent judgment, settlement, or dismissal pursuant to settlement must be brought before the judge to whom the action is assigned and the judge shall pass on the fairness of the proposal."  MCR 2.420(B).

[3] The trial court granted plaintiff's motion to set aside its order approving the settlement on the basis that plaintiff was not afforded the requisite seven-day notice of defendant's proposed order, MCR 2.602(B)(3), and then set aside the order, but refused to remove the nondisclosure provision from the order.

-2-

Court of Appeals] reviews de novo." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

### III. NONDISCLOSURE PROVISION IN THE COURT ORDER

Plaintiff claims that the trial court erred in including a nondisclosure provision in its order approving the parties' settlement because plaintiff did not agree to inclusion of a nondisclosure provision in the order. We disagree.

Although plaintiff did not specify the authority under which she sought relief from the trial court's order, "[a]ll applications for relief made directly in the proceedings that produced the judgment are governed by MCR 2.612 . . . ." Longhofer, 3 Michigan Court Rules Practice (6th Ed), § 2612.16. Under MCR 2.612(C)(1)(a), a party may seek relief from a final judgment or order on the grounds of "[m]istake, inadvertence, surprise or excusable neglect."[4] Plaintiff bears the burden of supporting a claim of mistake or inadvertence warranting relief under MCR 2.612(C)(1)(a). See *Groulx v Carlson*, 176 Mich App 484, 493; 440 NW2d 644 (1989) (recognizing that a party must present satisfactory evidence to support claims of mistake, fraud and excusable neglect); Longhofer, 3 Michigan Court Rules Practice (6th Ed), § 2612.10.

Generally, a trial court's order must comport with the trial court's decision. MCR 2.602(B)(2). The basis for the trial court's order here was its approval of the parties' settlement agreement, the terms of which were set forth at the hearing on plaintiff's motion, including the agreed upon confidentiality or nondisclosure of the settlement terms. "'An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts.'" *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006), quoting *Walbridge Aldinger Co v Walcon Corp*, 207 Mich App 566, 571; 525 NW2d 489 (1994). "Courts are required to enforce unambiguous contracts according to their terms." *Kloian*, 273 Mich App at 461. Accordingly, the trial court cannot "'enter an order pursuant to the consent of the parties which deviates in any material respect from the agreement of the parties[.]'" *Id.*, quoting *Scholnick's Importers-Clothiers, Inc v Lent*, 130 Mich App 104, 112; 343 NW2d 249 (1983). Instead, a judgment or order entered with the consent of the parties "is merely reflective of the parties' agreement." *Young v Robin*, 146 Mich App 552, 557-558; 382 NW2d 182 (1985). And, "[t]he court cannot extend the settlement to matters not included in the agreement." *Id.* at 558. Thus, where the parties have not reached an agreement on an issue, the trial court lacks authority to impose it as a term of an order or judgment entered with the parties' consent. *Id.* at 558. Conversely, a court order that comports with the terms of the parties' unambiguous settlement agreement is not improper. *Kloian*, 273 Mich App at 461.

In this case, there is no dispute, as set forth on the record at the hearing on plaintiff's motion to approve the settlement, that the parties reached an unambiguous agreement regarding the confidentiality of the settlement, which prohibited plaintiff from disclosing the terms of the

---

[4] MCR 2.612(C) provides additional grounds where the court may relieve a party from a judgment or order that are not applicable here.

settlement to anyone other than her "attorney, accountants, heirs, or anyone else by law."[5] There is also no dispute that the trial court approved the settlement, and that the terms of the settlement agreement included the nondisclosure provision. Thus, the trial court, by including the nondisclosure provision in its order approving the settlement, did not impermissibly "extend the settlement to matters not included in the agreement[,]" *Young*, 146 Mich App at 558, or deviate from the parties' agreement, but instead comported with the terms of the parties' settlement agreement. Accordingly, absent evidence of a contrary intent in the agreement, it was not improper for the trial court to incorporate the nondisclosure provision in the order approving the settlement, which, as the trial court found, "simply . . . confirms what the parties have agreed on." See *Kloian*, 273 Mich App at 461 (an order that correctly complied with the settlement agreement is not improper); *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994) (a court acts properly when it enforces unambiguous agreements); MCR 2.602(B)(2) (the court shall sign the order if it comports with the court's decision).

Plaintiff, however, contends that the parties never agreed to incorporate the nondisclosure provision as part of the trial court's order, asserting that the parties' settlement agreement is ambiguous or "open to interpretation" on the matter. To support her argument, she relies on the parties' June 15, 2016 settlement agreement, which the parties signed after settlement discussions, but before the August 26, 2016 release and settlement agreement. Plaintiff's reliance on this extrinsic evidence is misplaced. While a trial court may consider extrinsic evidence to resolve an ambiguity in a contract to ascertain the meaning and intent of the parties, *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 469-470; 663 NW2d 447 (2003), plaintiff did not present the June 15, 2016 settlement agreement to the trial court or argue before the trial court that such evidence should be allowed to show that the parties never intended or agreed to include the nondisclosure provision in the order approving the settlement. It is well established that "[t]his Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002); MCR 7.210(A)(1). Accordingly, we do not consider this extrinsic evidence in deciding this appeal. Further, while plaintiff also relies on the absence of language in the June 15, 2016 settlement agreement explicitly requiring the incorporation of the provision in the order, considering that the settlement, involving a legally incapacitated person, was subject to judicial approval pursuant to MCR 2.420, it was reasonable, as a matter of course, that the trial court's order would reflect and incorporate the terms of the settlement it approved, including its confidentiality, as set forth before the court. *Kloian*, 273 Mich App at 461 (recognizing that a trial court's order that comports with the parties' settlement agreement is proper); *Young*, 146

---

[5] Plaintiff included the August 26, 2016 Release and Settlement Agreement as Exhibit 5 to her Brief on Appeal, but the agreement is not included in the lower court record. The "confidential exhibit A" referenced by plaintiff's counsel during the November 18, 2016 hearing is also not contained in the lower court record. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002); MCR 7.210(A)(1). Nevertheless, there is no dispute that the parties agreed, as a term of the settlement agreement, that the settlement was to remain confidential and the parties could not disclose its terms.

Mich App at 557-558 (a judgment or order entered pursuant to the parties' consent is reflective of the parties' agreement); MCR 2.602(B) (the court shall sign an order if it comports with the court's decision). As the trial court found, the order should reflect all the terms of the agreement, including confidentiality.

Finally, we reject plaintiff's assertion that incorporating the nondisclosure provision as part of the trial court's order "improperly changed the agreed upon terms" because the parties would be exposed to contempt of court penalties, instead of breach of contract damages, in the event of a violation. Plaintiff correctly asserts that a violation of the court order could subject her to contempt penalties. "A trial court has inherent and statutory authority to enforce its orders." *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012) (opinion by K.F. KELLY, J.), citing MCL 600.611; MCL 600.1711; MCL 600.1715. "Michigan courts have, as an inherent power, the power at common law to punish all contempts of court." *In re Contempt of Dougherty*, 429 Mich 81, 91 n 14; 413 NW2d 392 (1987). Further, courts have statutory authority under MCL 600.1701(g) to fine or imprison parties for disobeying any lawful order or decree of the court. Nevertheless, as discussed in this opinion, the trial court's inclusion of the nondisclosure provision in its order approving the settlement in this case properly comported with the parties' settlement agreement. Thus, plaintiff's assertion that the court's inclusion of the nondisclosure provision in the order "improperly changed the agreed upon terms" of the parties' agreement by subjecting the parties to contempt penalties is not supported by the record.

## IV. CONCLUSION

We conclude that it was not improper for the trial court to incorporate the nondisclosure provision in its order approving the settlement where it was consistent with the parties' settlement agreement. The trial court did not abuse its discretion in refusing to set aside the order on that basis. *Heugel*, 237 Mich App at 478.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-5-